### JOSEPH HAWKS *vs.* INHABITANTS OF NORTHAMPTON.

Hampshire.    Sept. 20, 1876.    COLT & MORTON, JJ., absent.

There is no presumption of law that a street railway obstructs the ordinary travel on a highway, or makes it dangerous.

In an action against a town for an injury caused by a defect in a highway, the accident being caused by a loose rail in a horse railroad over which the plaintiff was driving, the plaintiff testified that he drove across, at a trot, in the usual track, squarely, holding the reins carefully; that he knew there was a horse railroad there; that he was thinking nothing about a railroad at all; and that he took no special care on account of the railroad. *Held*, that the question of due care on the plaintiff's part was properly submitted to the jury.

TORT for a personal injury sustained by reason of an alleged defect in a highway in the defendant town. After the former decision, reported 116 Mass. 420, the case was tried in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

The alleged defect was a loose or improperly laid guard rail of a street railway in Main Street, Northampton, which was laid for the distance of about one hundred feet inside of and near the

outer or main rail, to prevent cars, when rounding a curve, from running off the tracks.

The evidence tended to show that, while the plaintiff was driving a pair of horses with a wagon across the track of the railway, in the daytime, his right fore wheel came in contact with the end of the guard rail, lifting it up and becoming locked in with it; that the wagon was suddenly stopped, the horses cleared themselves from it, and the plaintiff was thrown over the dasher upon the ground, and injured; that the guard rail was insufficiently fastened, and had become loose, and that the end of it, in which the wheels caught, had sprung upward and above the level of the outer rail.

The defendant offered evidence tending to show that the plaintiff was not driving with due care when the accident happened; that he was driving fast, and that he attempted to cross the road at so acute an angle with the rails that his right fore wheel would not go over the right hand rail, but scraped against it, and ploughed up a furrow inside and along that rail, for a distance of some twenty-five or thirty feet, when it came in contact with the end of the guard rail, and caught in the narrow groove between the guard rail and main rail, in which the flange of the car wheel was accustomed to run, and tore up from its fastenings the end of the guard rail. The plaintiff testified that he drove across the rail in the usual track, as designated by the tracks on the ground, squarely and holding his reins carefully, that he could not tell how fast he was driving, but presumed he was on a trot, was driving just as he would anywhere; that his horses were kind and manageable, his wagon and harness sound and strong; and that he did not know of the existence of the defect. On cross-examination, he testified as _ollows: "I presume I knew there was a track there. I knew there was a horse railroad there. I was thinking nothing about a railroad at all. I was driving the same as I should in old Hadley Street, and had no more care for the railroad. I took no special care on account of this railroad."

The defendant asked the judge to instruct the jury that if they believed the testimony above recited to be the substance of the plaintiff's testimony, as to the care he used in crossing the railway, and that there was nothing in the case to show that he

used any greater care than he thus testified of, he could not recover. The judge declined so to do, but instructed the jury that the question of care was for them on the whole evidence that if the plaintiff knew of the existing defect in the railway at that point, and crossed without giving any thought to it, he could not recover, but the fact that he only knew there was a railway there, and crossed without giving thought to it, was only a circumstance for the jury to consider, bearing on the question as to whether he was in the exercise of proper care; and gave other instructions, not objected to, as to what constituted due care. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. Delano*, for the defendant.

*G. M. Stearns*, for the plaintiff, was not called upon.

BY THE COURT. There is no presumption of law that a street railway obstructs the ordinary travel on the highway, or makes it dangerous. The instructions given were correct and sufficient.

*Exceptions overruled.*