SONGSTAD, Respondent, *v.* BURLINGTON, C. R. & N. RY. Co., Appellant.

**Master and Servant—Negligence—Sufficiency of Evidence.**

> Plaintiff, while in the service of the defendant in loading cars from a gravel-pit with which he was familiar, received injuries by a falling bank.   It appeared the defendant's foreman, under whom the plaintiff worked, with notice to the plaintiff and the other laborers, went upon the bank, and tried to pry it down, but, not succeeding at first, the plaintiff returned, working at a point where he could see the foreman, and that he regarded safe, but he was afterwards caught by the falling bank. *Held*, there was no question of fact for a jury:  (1) There was no negligence on the part of the defendant; (2) such an injury was one of the ordinary risks of the service in which the plaintiff engaged.  PALMER, J., dissenting.

(Argued May 9, 1888; reversed May 25; opinion filed February 9, 1889,)

Appeal from district court, Minnehaha county; Hon. C. S. PALMER, Judge.

This appeal is from a judgment of the district court entered upon a verdict, and from an order overruling motion for a new trial.   The action was brought to recover damages alleged to have been sustained by the respondent by reason of the negligence of the appellant.   The respondent was in the employ of

appellant in the capacity of a shoveler, and at the time he received the injuries complained of was engaged in loading cars from a gravel-pit, under the direction of respondent's foreman. An embankment of earth had been formed by the removal of gravel under it, 12 or 13 feet high, and was frozen. The foreman, with the knowledge of the respondent, attempted to pry the bank down. While the foreman was thus engaged, the respondent selected a place for continuing his work, from which place the foreman was in full view as he worked, and which he considered far enough removed from the bank, though it should fall, to insure his safety. As the bank began to fall the respondent attempted to retreat further, and stumbled over a clod of earth and fell, and was caught by the falling earth, and his leg broken. To recover the damages caused thereby this action was brought. At the close of plaintiff's case the appellant moved the court to direct a verdict for defendant on the ground that there was not sufficient evidence to support a verdict for the plaintiff, which motion was overruled. A similar motion was made after the evidence was closed, and again denied; to each of which rulings appellant excepted. The respondent had a verdict, and, after motion for new trial on behalf of appellant was denied, judgment was duly entered for plaintiff, from which appellant appealed, assigning each of the rulings aforesaid as error. The other material facts are stated in the opinion.

*Boyce & Boyce* and *S. K. Tracy,* for appellant.

There was not sufficient evidence of negligence to justify the submission of the case to the jury.

The injury was also one of the ordinary risks which the plaintiff assumed in engaging in the business. *Naylor* v. *C. & N. W. Ry. Co.,* 53 Wis. 664, 11 N. W. Rep. 24; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 396; *Olson* v. *McMullen,* 24 N. W. Rep. 318; *Galveston Ry.* v. *Lempe,* 11 Amer. & Eng. R. Cas. 201; Wood, Mas. & Serv. §§ 326, 349; *McGlynn* v. *Brodie,* 31 Cal. 377; Patters. Ry. Accident Law, 381; *Cassidy* v. *Maine C. R. R. Co.,* 76 Me. 488, 17 Amer. & Eng. R. Cas. 519.

The master is bound to use due diligence in hiring competent fellow-servants, providing safe machinery and appliances, and must not be guilty of personal negligence. Having fulfilled these conditions, he is not liable for injuries received by the servant. *Haine* v. *C. & N. W. Ry. Co.*, 58 Wis. 525, 17 N. W. Rep. 420; *Hoth* v. *Peters*, 55 Wis. 405, 13 N. W. Rep. 219; *Lehigh Valley Coal Co.* v *Jones*, 86 Pa. St. 439; *Hofnagle* v. *N. Y. Cent. Ry.*, 55 N. Y. 608; *McCosker* v. *L. I. Ry. Co.*, 84 N. Y. 77; *Brickner* v. *N. Y. Cent. Ry.*, 2 Lans. 506; *Cassidy* v. *Maine Cent.*, 76 Me. 488.

*Parliman & Stoddard*, for respondent.

The placing respondent, with others, in this pit, with an overhanging bank of frozen earth was an act of negligence on the part of the company. These men were placed in this position of danger by their foreman. They were there for the purpose of loading the train with gravel. They were there under his direction, and had a right to, and did, rely upon his superior judgment. He was engaged in an effort which, at its inception, he regarded as dangerous, of which opinion this respondent had prompt notice. After this notice the foreman, who had the safety of these men in his charge, advised them of the absence of danger, and they had a right to rely upon it. Equivocation disregarded, the statement is nothing more nor less than that these men were placed in this dangerous place upon the positive assurance of the company that there was no danger. The overhanging bank was evidently dangerous, and rendered more so by a direct act of the company, and injury resulted to this respondent after an assurance from the company that there was no danger, upon which assurance respondent had a right to rely. *Seller* v. *Chicago & N. W. Ry. Co.*, 1 N. W. Rep. 96.

It is claimed that the injury was one of the ordinary risks of the business. The rule, however, is that it is the duty of the master to exercise care and prudence that those in his employment be not exposed to unreasonable risks and dangers.

And the servant has a right to understand that the master will exercise that diligence in protecting him from injuries, and in selecting the agent from which it may arise. *Connolly* v. *Poillion*, 41 Barb. 366.

SPENCER, J., *(after stating the facts as above.)* The evidence in this action, when construed most favorably to the plaintiff, discloses that in November, 1885, he engaged his services to the defendant as a laborer; that he and a considerable number of other men were at work under the supervision of one Mahoney, as foreman, in the work of shoveling gravel from a gravel bed or bank onto a train of platform cars, which, when loaded, were drawn to Sioux Falls, a distance of a few miles, emptied, and returned to the pit for the purpose of being reloaded; that the plaintiff had been thus engaged 10 days or more when the accident complained of occurred; that about November 25, 1885, an overhanging bank of the gravel-pit, 12 or 13 feet high, having been produced by the removal of gravel under and adjacent to it, was attempted to be pried down by the foreman, who for that purpose went upon the bank with a bar, and commenced prying, having first given the men in his charge notice of what he was about to do. The plaintiff and the other men at work heard the warning, and stopped working for a few moments, and watched the foreman's efforts to pry down the bank. The bank failing to yield to his efforts, the foreman told the men to proceed with their work. The foreman continued his efforts to break down the bank, and the plaintiff returned to his labors at a point from which he could see him, (the foreman;) and when he supposed he was in a place of safety, to use his language, "We went to work again. In mean time, while I was yet at work, the boss was breaking on that piece upon the bank. * * * I thought we were so far away from the cut, we were out of the way. I thought sure it could not hurt me. Then I saw it come,—I saw the bank come down. I was trying to get back. There was a big chunk lying in the way. I got one foot out of the way, but the other got caught. I ran against this chunk

behind me, and fell down on it.   Then I tried to get my leg out, and I could not do it.   *   *   *   They broke out the dirt above my leg, and got it loose.   Then I saw it was broken.   The chunk that fell on my leg and broke it came from the top of the bank,—the piece he broke down.   I did not hear him tell us to look out any more after he told us to go to work.   When the bank broke, he hollered, 'Look out!'   *   *   *   .There were about twenty men employed there loading trains with gravel. These men were all working under Dan. Mahoney, as foreman. He would help get the gravel and dirt down to load the trains. Mahoney was up on top of the bank just before I got hurt. He was trying to pry down the top of the bank.   I saw him there. He would take the crow-bar and pry off the top of the bank, and push it down.   I saw him pushing the frozen dirt off.   I thought I was far enough away.   When it came down I stepped backwards, and struck the frozen clod that was lying there, and fell over.   The part that fell down there struck me after I fell down there.   That is the way the accident happened.   Mahoney would tell us when to shovel.   He did not exactly say which place we should shovel; told us to go around the cars, and go to work.   He would tell us to load the train.   I believe he did sometimes take a hand himself in loading, and at other times he would pry down the bank for us to load what he pried down."

The train being loaded at the time of the accident comprised 14 cars.   This was substantially all the evidence in the case in favor of the plaintiff's right to recover, and it is obvious that it wholly fails to establish negligence on the part of the appellant. There is no pretense that Mahoney was not an entirely competent person for foreman, or that the defendant was guilty of any negligence in engaging his services in the capacity in which he was employed.   Was the foreman himself negligent?   It will not be pretended that it was negligence in him going upon the bank, and attempting to break it down, especially as he gave warning to the men in his charge, which the plaintiff understood, that he was about to do so.   Nor can it rightfully be said that his negligence in continuing his efforts to pry off the bank,

after directing the men to return to work, and without informing: them that he was doing so, was negligence to this plaintiff, or that it resulted in the injuries complained of. He did not ask them, or any of them, to work in any place of peril, but merely to load the train. The plaintiff evidently did not understand that he was to work under or in such close proximity to the over- hanging bank as to endanger his safety. On the contrary, when he returned to his work he took his place, as he says himself, not very near to the bank, but at some distance from it; so much removed from it that he believed it was to him a place of safety, and, though it might fall, as it did, it could not reach him. He was fully acquainted with the circumstances and the condition of the pit; had been constantly employed there for many days preceding the accident; and of his own judgment, and without let or hinderance, selected a place at which to perform his work. There was therefore no negligence proven on the part of the defendant or the foreman.

Another sufficient defense under the facts as established by the evidence in behalf of the plaintiff is that the injury complained of was one of the ordinary risks which he assumed when he engaged his services to the defendant, in the business which he undertook. He was a person of usual intelligence, in possession of all his faculties. He was entirely familiar with the gravel-pit, the height of the embankment, and the effect of the thawing frost upon it; also that the foreman and conductor were trying to pry it down. He saw them at work, and understood the situation in all respects; and notwithstanding it was fraught with danger to a greater or less extent, (and this it was, to his own knowledge,) he assented to incur the dangers to which he was thereby exposed, and proceeded with his work. It is difficult to perceive in this case that any precautions for his safety had been neglected, but, if they had, having consented to serve in the way and manner in which the business was being conducted, with full knowledge thereof on his part, he cannot now be heard to complain. The following cases are analogous to the one at bar, and fully sustain the respondent's contention:

*Naylor* v. *Railroad Co.*, 53 Wis. 664, 11 N. W. Rep. 24; *Sullivan* v. *Manufacturing Co.*, 113 Mass. 396; *Olson* v. *McMullen*, (Minn.) 24 N. W. Rep. 318; *Railway Co.* v. *Lempe*, 11 Amer. & Eng. R. Cas. 201; *Leonard* v. *Collins*, 70 N. Y. 90. The trial court erred in denying respondent's motion for direction of a verdict in its favor, and in overruling its motion for a new trial. The judgment must therefore be reversed, and a new trial ordered.    Judgment reversed.

All concur, except Justice PALMER, dissenting.

5   523
1n  349
41*  758
48*  225

**1. Master and Servant — Negligence — Fellow-Servants — Who are.**