## SCHMIDT, Respondent, v. LEISTEKOW, Appellant.

**1. Master and Servant — Duty of Master to Servant.**

It is the duty of a miller to furnish his servants with such machinery and appliances as are reasonably safe for the purposes for which they are used, and to also keep them in proper repair.

**2. Same — Defective Machinery — Evidence, Sufficiency of.**

In an action against a mill-owner by a servant for injuries sustained through alleged negligence in the construction of the mill and machinery furnished, it appeared that the servant, in the performance of his duties, got upon a spout used for passing mill-stuffs from one part of the building to another, and it gave away, whereby his arm was precipitated into a set of cog-wheels; but the undisputed evidence was that the mill was constructed of the materials and in the manner such buildings usually were; that the spouting was of the character generally used in such mills and possessed the requisite strength for the purposes it was intended; also, that prior to the accident, in the performance of a similar duty in a like manner, this same spout gave away with him on a former occasion and he helped repair it, using the same materials and placing it the same as before, so that it was no stronger than originally. *Held*, he was guilty of such contributory negligence as precluded a recovery.

**3. Same—Fellow-Servants, Who Are.**

Where two servants of the same master are engaged together in the accomplishment of a common object, the one having no control or authority over the other, they are co-employees within the meaning of the rule that exempts the master from liability to one for injuries received through the negligence of the other.

(Argued Feb. 9, 1889; reversed Feb. 19; opinion filed Oct. 10, 1889.)

APPEAL from district court, Grand Forks county; Hon. W. B. McCONNELL, Judge.

This was an action to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant as second miller, alleged to have been caused by the negligent and defective construction of a flouring-mill, and a failure on the part of the defendant to furnish suitable and safe machinery, and keep the same in proper repair.

The facts necessary to an understanding of the case are stated in the opinion.

*P. J. McLaughlin* and *P. M. Babcock*, for appellant.

The facts disclosed showed the plaintiff and Brenner were co-employees. The court erred in submitting this to the jury. Wallcott v. Studebacker, 34 Fed. Rep. 8; Lewis v. Leifeth, 11 Atl. Rep. 514.

At the time respondent commenced work he was a miller of more or less experience and presumed to be familiar with the construction of such mills and their machinery. This mill was constructed in the usual and ordinary manner. These particular spouts as well as all the machinery and gearing in the mill were in plain sight. Respondent had worked continuously for eight months around and about this spouting, and had all the opportunity of knowing its condition possessed by any one; hence, it is immaterial whether he in fact knew its condition or not; he had the opportunity of knowing it, and in such cases he is chargeable with the same responsibility as though he in fact possessed the knowledge. McGlynn v. Brodie, 31 Cal. 377; Dillon v. R. R. Co., 3 Dill. 319; Davis v. R. R. Co., 20 Mich. 105; Stone v. Manfg. Co., 4 Ore. 52; Sullivan v. India Manfg. Co., 113 Mass. 396; Green v. R. R. Co., 31 Minn. 248; Leonard v. Collins, 70 N. Y. 90; Naylor v. R. R. Co., 11 N. W. Rep. 24; Atchinson v. R. R. Co., 7 Pac. Rep. 204; Wilson v. R. R. Co., 39 N. W. Rep. 909.

The uncontroverted evidence shows that the mill, spouting, machinery and all of the appliances used, were constructed in the usual and ordinary manner, so the duty of appellant toward his

employees was discharged, and the court ought to have directed a verdict for the appellent. Worder v. R. R. Co., 32 Md. 411; Beach, Contributory Neg. 354; Burke v. Witherbee, 98 N. Y. 565; R. R. Co. v. Gildersleeve, 33 Mich. 137; Devlin v. Smith, 89 N. Y. 476; Buzzell v. Mfg. Co., 48 Me. 116; Hayden v. Mfg. Co., 29 Conn. 557; Kelly v. R. R. Co., 28 Minn. 98; Kolsti v. R. R. Co., 32 id. 133; Oneill v. R. R. Co., 1 McCrary, 505; Donaldson v. R. R. Co., 21 Minn. 293; Brown v. R. R. Co., 22 id. 165; Fernandez v. Sacramento R. R., 52 Cal. 45; R. R. Co. v. McElwell, 67 Pa. St. 311; Beach, Con. Neg., § 162.

The evidence shows that the plaintiff's own negligence contributed to the injury.

*Cleland & Sauter, Noyes & McGee* and *R. E. Noyes,* for respondent.

The evidence establishes that Brenner was a vice-principal. It also establishes that the appellant was negligent. Herbert v. Northern P. Ry. Co., 3 Dak. 38; S. C., 6 Sup. Ct. Rep. 591; Wedgewood v. C. & N. W. Ry. Co., 41 Wis. 483, 44 id. 489; Smith v. R. R. Co., 42 id. 526; Thompson v. Drymala, 26 Minn. 40; Tierny v. M. & St. L. R. R. Co., 23 N. W. Rep. 229; King v. Ohio R. R. Co., 14 Fed. Rep. 277; Beach, Con. Neg., §§ 110, 112, 113.

The evidence does not show such negligence on the part of the respondent as directly, or by natural consequence, conduced to the injury. Hammond v. Town, 40 Wis. 35; Griffin v. Town, 43 id. 509; Dreher v. Fitchburg, 22 id. 643.

The burden of proof was upon the appellant. Herbert v. Northern Pac. Ry. Co., *supra;* Greene v. M. & St. L. Ry. Co., 17 N. W. Rep. 378; Bessex v. C. & N. W. Ry. Co., 45 Wis. 483; Houfe v. Town, 29 id. 296; Wharton, Neg., §§ 4–23.

The question of contributory negligence is one of fact for the jury. Houfe v. Town, *supra.*

SPENCER, J. (*After stating the facts as above.*) The defendant in this case was the owner of a flouring-mill situated in Grafton, Dak. The plaintiff was employed by the defendant in this mill in March, 1884, first as oiler of the machinery, in which employ-

ment he continued until the following July, when he was employed as second miller. In the performance of his duties as second miller he was required to work in and about the machinery, appliances, and spouting of said mill from twelve o'clock, noon, of each day until midnight, when he was relieved by a Mr. Brenner, the other second miller in said mill, until noon succeeding. Both were under the direction of a Mr. Smith, who was the first, or chief, miller, and the defendant himself. The plaintiff continued thus employed as second miller in this establishment until the 7th day of November, 1884, at which date, at about nine o'clock in the evening, while he was attempting to reach a hand-hole in a spouting which had become clogged, he climbed, either by means of a ladder or otherwise, upon a certain spout which had been erected for the purpose of passing middlings or mill-stuffs from one part of the mill to another, and which, under his weight, gave way in such manner as precipitated his arm into a set of cog-wheels situated in close proximity to such spot, which were in motion, and by means of which the injury complained of was produced.

The evidence does not disclose that there was any defect in the manner of the construction of the mill, or in the materials used, though this was alleged in the complaint; nor is there any proof tending to show that the machinery and the appliances, including the spouting, used in the mill, were not in all respects fit and proper for the purpose for which they were intended and used; nor is there any evidence that the machinery, spouting, and appliances were not properly placed and secured, with due regard to the uses they were intended for and put in running the mill, and the safety of persons engaged in using them. On the contrary, the evidence is undisputed that the mill was constructed of the material and in the manner such buildings are usually constructed; that the machinery and appliances, including the spouting, were of the character and kind generally used in such mills; that they were placed and secured in their places in the usual manner; and that the mill, its machinery, spouting, and appliances were in all respects fit and proper for the uses for which it was intended, and to which it was put by the defendant. The spouting which gave way was intended and used for the purpose of carrying mill-stuffs from one part of the building to another. It was not made

nor designed to sustain any considerable weight, and this the plaintiff necessarily knew, and was in its proper place, and secure for such purpose. It did not give way and produce the injury complained of because of any defect in its construction, or because it did not possess the requisite strength to perform the uses for which it was intended, and to which it was put, in carrying on the mill. It broke only because it was used by the plaintiff for a purpose and in a manner for which it was not designed, viz.: resting his weight to a greater or less extent upon it.

It was the duty of the defendant to furnish such machinery and appliances as were reasonably safe for the use of the operatives in his mill, considering the purposes for which they were to be used, such as a prudent man would furnish to save himself from injury that would result from unsuitable or unsafe appliances, and to maintain the same in proper state of repair. Loftus v. Ferry Co., 84 N. Y. 455. This duty the defendant performed.

The evidence fails to show any negligence on the part of the defendant, either in the construction of the mill or in supplying safe and suitable machinery and appliances for it, and keeping the same in proper repair. He was not bound to anticipate that the spouting running between the different stories of his mill, for the purpose of passing grain and mill-stuffs from one place to another, would be used by one familiar with the purpose for which they were designed and used to bear his weight, or serve in the office of a ladder, floor, or platform. Wonder v. Railroad Co., 32 Md. 411; Buzzell v. Manufacturing Co., 48 Me. 116; Burke v. Witherbee, 98 N. Y. 562.

But, if it be assumed that the defendant was negligent in that he did not maintain a stronger spout in lieu of the one that broke and caused the injury, the facts disclosed by the evidence would, nevertheless, prevent a recovery.

The plaintiff, some time before the occurrence of the accident complained of — about two months before — had occasion, while in the discharge of his duties, to clear a spout in the vicinity of this one, which had become clogged, by inserting his hand into this particular hand-hole. For this purpose he employed a ladder, and placed it against this identical spout, and climbed upon it,

when, being of insufficient strength to maintain his weight, it gave way — though in perfect order, so far as the evidence shows, for the use for which it was designed — let him down, but produced no injury. The following day he assisted in repairing it, using the same material for the same purpose, and fastening it together, and in its proper position, by the same means as before, and thus making it as it was before it was broken. He had thus learned by a practical test that this spouting, in its then position, and as then secured, was an unsafe place on which to bear his weight, and was incapable of sustaining it. True, he says that the repairs he assisted in making he supposed were only temporary, and that he understood that others were to be made by millwrights. Nevertheless, he saw, and helped to restore to the condition in which it was before — which is shown to have been the usual and ordinary condition of such appliances — the broken spout, and must be presumed to have known that, though it was amply able to withstand the pressure which its proper use called for, it was not of sufficient strength to justify one in putting his weight against it. Nor was he justified in supposing that the millwrights whom he saw at work in the vicinity had made repairs strengthening the pipe. The spout was already abundantly strong to support all the weight that was required of it ; all that was necessitated by passing grain and mill-stuffs through it ; all that it was necessary and desirable it should. It was of the material and kind generally employed for the purpose, and was secured in its place as such pipes usually are. There is no evidence that there is, or was at that time, any better or stronger method of securing such pipes. Why, then, should the plaintiff have supposed that this spout was by the millwrights to be made stronger than others of its kind, used for a similar purpose, and which fulfilled the purpose for which they were designed ? This supposition, if he indulged it, was not justified. He had a right to believe that this spout would be restored, if it was not already, to such condition as to be fit, safe, and proper for the use for which it was employed, but not that it would be made stronger than other like appliances, intended for a similar purpose, or for purposes requiring greatly more strength than this, in its then use, was intended and calculated, to his knowledge, to supply. This spout

was in plain, unobstructed view of the plaintiff at all times while he was at work. No person was in better situation to know its condition than he, or had better opportunity to observe it, and no person knew better than he that it was not intended to go upon, and was not of sufficient strength to bear his weight. Even though he supposed the millwrights had made additional repairs to it, he was not justified in presuming that they had made it a safe place to stand upon, or to bear his weight, for he knew from its situation, the use to which it was put, the office it had to perform, that strength sufficient to bear his weight was not required. And yet, knowing all these things, he voluntarily, whether with or without a ladder is unimportant, went upon this spouting, and thereby exposed himself to the injury which followed. This was such contributory negligence on the part of the plaintiffs as to prevent a recovery.

There is nothing in the case indicating that Brenner occupied any other relation to the plaintiff than that of co-employee. They were engaged in precisely the same business, by the same employer, in the same kind of service, for the accomplishment of a common object, and neither had any control or authority over the other. Wolcott v. Studebaker, 34 Fed. Rep. 8; Lewis v. Seifert, 11 Atl. Rep. 514. No other point made requires examination. For the reasons stated, the judgment appealed from must be reversed and a new trial ordered. All of the justices concurring, except Mr. Justice McConnell, not sitting.