## RUTH J. CHACEY *vs.* THE CITY OF FARGO.

Opinion filed November 4th, 1895.

**Liability of City for Defective Sidewalk—Proximate Cause.**

Plaintiff was injured by stepping into a hole in the sidewalk made by the displacement of a loose plank, which was thrown out of its position by a passing bicycle just as plaintiff was about to step on it, so that she stepped into the hole instead. *Held,* that, the defendant being, under the circumstances, liable for the defective condition of the walk, it was liable for the damages sustained by the plaintiff upon two principles: First, that the loose plank was one of the proximate causes of the injury; second, that when two causes combine to produce an injury to a traveler upon a public street or highway, both of which are in their nature proximate, the one being a culpable defect in the highway and the other some occurrence for which neither party is responsible, the city is liable if the injury would not have been sustained but for the defect for which the city is responsible.

**Existence of Defect—Constructive Notice.**

When the defect is a loose plank in a sidewalk, it is competent to prove that the sidewalk at that place had been in dilapidated condition for a long time, as bearing on the question whether the particular defect which caused the injury had existed for a sufficient length of time to give the city constructive notice thereof; and such evidence is sufficient for that purpose.

**Recovery for Medical Attendance by Married Woman.**

A married woman, who has in fact, incurred liability for medical attendance made necessary by an injury for which another is liable, may recover as part of her damages a sum equal to the amount of such liability the same as a *feme sole,* although she has not paid for such medical attendance at the time of trial.

Appeal from District Court, Cass County; *McConnell,* J.

Action by Ruth J. Chacey against the City of Fargo. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Fred B. Morrill,* for appellant.

A bicycle is a carriage or vehicle and should not be used upon a sidewalk. *Taylor* v. *Goodwin,* L. R. 4 Q. B. Div. 228; *Mercer* v. *Corbin,* 3 L. R. A. 221; *State* v. *Collins,* 3 L. R. A. 394; *Swift* v. *City of Topeka,* 8 L. R. A. 772; *Holland* v. *Bartch,* 22 N. E. Rep. 83. Where the city has laid out and maintained a place for foot passengers separate and apart from that used by persons traveling

in or on vehicles, it has done its corporate duty to the public. The city might have passed an ordinance forbidding the use of sidewalks by persons riding on bicycles. Its neglect in this regard was the neglect of a police duty, rather than of a corporate duty. *Hayes* v. *Oshkosh*, 33 Wis. 314; *Fisher* v. *Boston*, 104 Mass. 87; *Hafford* v. *New Bedford*, 16 Gray, 297. A municipal corporation will be liable for the neglect of a purely corporate duty, and not for the neglect of a governmental or police duty. *Schultz* v. *Milwaukee*, 5 N. W. Rep. 342; *Burford* v. *Grand Rapids*, 18 N. W. Rep. 571; *Hutchinson* v. *Concord*, 41 Vt. 271; *Faulkner* v. *Aurora*, 44 Am. Rep. 1; *Pierce* v. *New Bedford*, 129 Mass. 534. The bicycle was the proximate cause of the injury. In law the direct cause is to be considered and held responsible. *Chamberlain* v. *Oshkosh*, 19 L. R. A. 513; *Schaffer* v. *Jackson Township*, 18 L. R. A. 100; *Herr* v. *LeBannon*, 16 L. R. A. 106; *Kidder* v. *Dunstable*, 7 Gray, 104. If the proximate cause of the injury was not the defect in the highway or if the injury was the combined result of a defect in the street, and the negligence of some third person, the defendant city will not be liable. *Kidder* v. *Dunstable*, 7 Gray, 104; *Rowell* v. *Lowell*, 7 Gray, 100; *Shepherd* v. *Chelsea*, 4 Allen, 113; *Childrey* v. *Huntington*, 11 L. R. A. 313; *Horrigan* v. *Clarksburg*, 5 L. R. A. 609; *Smith* v. *Kanawah Co.*, 8 L. R. A. 82; *McClam* v. *Garden Grove*, 12 L. R. A. 482; *Handelun* v. *B. C. R. & N. Ry. Co.*, 32 N. W. Rep. 4; *Hembling* v. *City*, 58 N. W. Rep. 310; *Kieffer* v. *Hummelston*, 17 L. R. A. 217. The city cannot be charged with notice of a defect in a sidewalk by evidence that there were other defects in other parts of the walk. *Ruggles* v. *Town of Nevada*, 18 N. W. Rep. 866; *Goodson* v *Des Moines*, 23 N. W. Rep. 655; *Carter* v. *Monticello*, 26 N. W. Rep. 129.

*Newman, Spaulding & Phelps*, for respondent.

The testimony as to other accidents of the same character and as to the condition of the walk in front of the lot upon which the accident occurred was proper under the allegation in the complaint. *Quinlan* v. *Utica*, 11 Hun. 217, 74 N. Y. 603; *District of Columbia* v. *Armes*, 107 U. S. 519; *Dougan* v. *Transportation Co.*, 56 N, Y. 1;

*Hill* v. *Portland Co.*, 55 Me. 438; *House* v. *Metcalf*, 27 Conn. 631; *Bailey* v. *Trumbull*, 31 Conn. 581; *Darling* v. *Westmoreland*, 52 N. H. 401; *Kent* v. *Lincoln*, 32 Vt. 591; *City of Chicago* v. *Powers*, 42 Ill. 169; *City of Delphi* v. *Lowry*, 74 Ind. 520; *Augusta* v. *Haffers*, 61 Ga. 48; *Smith* v. *Des Moines*, 51 N. W. Rep. 77; *O'Neill* v. *West Branch*, 45 N. W. Rep. 1023; *Campbell* v. *Kalamazoo*, 45 N. W. Rep. 652; *Alberts* v. *Vernon*, 55 N. W. Rep. 1022; *Bloomington* v. *Legg*, 37 N. E. Rep. 696; *Golden* v. *Clinton*, 54 Mo. App. 100; *Osborne* v. *Detroit*, 32 Fed. Rep. 36; *Plattsmouth* v. *Mitchell*, 29 N. W. Rep. 593; *Munger* v. *Waterloo*, 49 N. W. Rep. 1028; *Armstrong* v. *Ackley*, 32 N. W. Rep. 180; *McConnell* v. *Osage*, 45 N. W. Rep. 550; *Riley* v. *Iowa Falls*, 50 N. W. Rep. 33; *Pomfrey* v. *Saratoga Springs*, 11 N. E. Rep. 43. It was competent for the plaintiff to show that bicycle riding upon the street in question had been allowed by the city for some years, it being the duty of the city to use ordinary care to keep its sidewalks in such repair that they will be reasonably safe for pedestrians with reference to accidents which may be reasonably expected to happen at any time in the ordinary use of the walk for such purposes and in such manner as is permitted by the city. *Honfe* v. *Fulton*, 29 Wis. 296, 9 Am. Rep. 573; *Kelsey* v. *Glover*, 15 Vt. 708; *Allen* v. *Hancock*, 16 Vt. 231; *Hunt* v. *Pownal*, 9 Vt. 411; *Campbell* v. *Stillwater*, 20 N. W. Rep. 320. Where several proximate causes contribute to the accident, and each is an efficient cause without the operation of which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause unless without its operation the accident would not have happened. *Ring* v. *Cohoes*, 77 N. Y. 83; *Ivory* v. *Deer Park*, 116 N. Y. 476; *Ehrgott*, v. *Mayor*, 96 N. Y. 264; *Phillips* v. *N. Y. C. Ry. Co.*, 127 N. Y. 657; *Dreher* v. *Fitzburg*, 22 Wis. 643; *Taylor* v. *Yonkers*, 105 N. Y. 202; *City of Joliet* v. *Shufelt*, 32 N. E. Rep. 969; *McClure* v. *Sparta*, 54 N. W. Rep. 337; *Campbell* v. *Stillwater*, 20 N. W. Rep. 320; *Atkinson* v. *Trans. Co.*, 60 Wis. 141; *Dotton* v. *Albion*, 15 N. W. Rep. 46.

CORLISS, J. The plaintiff has recovered a judgment against

the defendant, the City of Fargo, for damages sustained by her by reason of a defective sidewalk within the corporate limits of that city. While walking along this sidewalk, she was overtaken and passed by a person riding a bicycle, which threw out a loose plank immediately in front of plaintiff, who stepped into the hole in the walk, thus unexpectedly made, and sustained severe injuries. One of the contentions of defendant against its liability is that the defective walk was not the proximate cause of the injury; that plaintiff must, in law, trace her fall to the bicycle alone. Had some one, a short time before the accident, removed the loose plank, and had plaintiff thereafter been injured, the city might not have been liable, in the absence of notice of the hole in the sidewalk, for in that case the hole, and not the loose plank, perhaps, would have been the proximate cause of the injury. But the case before us presents no such question. The loose plank was one of the proximate causes of the injury, for it was the existence of such a loose plank that made it possible for a passing bicycle to throw it out of its place, and suddenly open before the plaintiff a dangerous pitfall. She was precipated to the ground and hurt, not because there was a hole in the sidewalk, but because there was a loose plank there which might be thrown out immediately in front of her by another, thus causing her injury. Undoubtedly it is true that, but for the passing of the bicycle at that time, no accident would have occurred. But it is also true that, had it not been for the defective walk, the passing of the bicycle would have resulted in no harm to the pedestrian. Under these circumstances we regard as controlling the rule laid down by the court in *Ring* v. *City of Cohoes*, 77 N. Y. 83: "When two causes combine to produce an injury to a traveler upon a highway, both of which are, in their nature, proximate, the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is responsible, provided the injury would not have been sustained but for that fact. Where several proximate causes contribute to the accident, and each is an efficient cause, without the operation of

which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause unless, without its operation, the accident would not have happened." This rule has been generally recognized, and has been applied in many cases. Its soundness cannot be questioned. See Jones, Neg. 163, and note 381; 2 Shear. & R. Neg. § 426; Elliott, Roads & S. 451, and notes; Morrill, City Neg. 106-110.

It is next urged that the city is not liable, because a bicycle is a ·vehicle, and that, while the city must provide a safe place for pedestrians, it is not bound to make that place so safe that a vehicle cannot render it unsafe. If this sidewalk had been in repair, and the plank been broken and thrown out by a person unlawfully driving over the sidewalk, the defendant's contention would undoubtedly be sound. But the plank was in fact loose, and it was thrown out by a class of vehicles which had been permitted by the city repeatedly to pass over this sidewalk; and under these circumstances we do not consider that the city is in position to claim that it was not bound to keep the planks of its sidewalk fastened as against the contingency of their being thrown out to the injury of pedestrians by this class of vehicles. Indeed, we are not prepared to say that the city could not have been liable even if this loose plank had been thrown out by a person unlawfully driving on the walk instead of by a bicycle.

It is also urged that the court erred in allowing plaintiff to prove the general delapidated condition of the sidewalk in front of the residence where this accident occurred, and that it had existed for a long time. In this there was no error. Such evidence had a tendency to prove that this plank had been loose for a sufficient period of time to give the city constructive notice of its condition. The long continued defective condition of the sidewalk generally at that very place would be very strong evidence that the city knew, or was bound to know, of this particular defect. On this point there is ample authority, and the doctrine is supported by reason. *Smith* v. *City of Des Moines,*

N. D. R.—12.

(Iowa) 51 N. W. 77; *O'Neill* v. *Village of West Branch*, (Mich.) 45 N. W. 1023; *Campbell* v. *City of Kalamazoo, Id..* 652; *McConnell* v. *City of Osage*, (Iowa) 45 N. W. 550; *Armstrong* v. *Town of Ackley*, (Iowa) 32 N. W. 180. It will generally be the case that, where there is a defect of the character of the one which caused plaintiff's injury, the only proof of the existence of the particular defect for a period long enough to charge the municipality with notice will be evidence that at that place the walk was generally out of repair. Such evidence was, therefore, not only competent, but it was also sufficient to warrant a finding that the particular defect had in fact continued long enough to give the city constructive notice of it. The language of the court in *Campbell* v. *City of Kalamazoo*, (Mich.) 45 N. W. 652, is particularly applicable to this branch of the case, and therefore we quote it: "When an entire piece of sidewalk in front of a particular lot is out of repair, and, by reason of its age and decayed condition, is no longer safe or fit for use, it might be difficult, where many planks are loose and decayed, for a plaintiff to point out the particular one over which she stumbled and fell. The evidence offered by the plaintiff supported the declaration on this point, and was not disputed. It appeared without controversy that the walk in question was generally out of repair; that the stringers were rotten, so that the nails would not hold; that the boards, which were laid crosswise, would, many of them, fly up when stepped upon; and this condition was shown to have existed for a year and upwards. We think this testimony was competent for two purposes: First, it showed the negligence of the defendant as charged in the declaration; second, it tended to show notice to the defendant of the condition of the walk."

It is urged that the trial court erred in charging the jury that the plaintiff, a married woman, could recover such expenses as she had incurred for medical attendance. But the court did not instruct the jury that the plaintiff had in fact incurred liability for such medical attendance. If she had not incurred it, the charge was harmless. If she had in fact incurred such liability,

she had an undoubted legal right to recover the amount of this liability as part of her damages notwithstanding her being a married woman.

Neither did the court err in refusing to charge the jury, as requested by defendant's counsel, that, unless the plaintiff had in fact paid out her own money for medical attendance, she could not recover for any debt she might have contracted for such medical attendance. If she saw fit to waive her right to insist that her husband should pay her doctor's bill, and to obligate herself to pay it, there is no principle of law which would prevent her recovering for the amount of this liability which she had incurred because of this injury merely on account of her being a married woman. That a married woman can render herself liable by special contract for the services of a physician in attending her cannot be doubted under our statute. *Mortgage Co.* v. *Stevens,* 3 N. D. 265, 55 N. W. 578. To deny to her the right to recover as damages a sum equal to the amount of this liability would be to refuse her full redress for the wrong she had suffered.

We have carefully considered all the other grounds urged for reversal, but are unable to discover in them any reason for disturbing the verdict of the jury, and the judgment is therefore affirmed. All concur.