JOSEPH HUDON v. CITY OF LITTLE FALLS.[1]

June 8, 1897.

Nos. 10,588—(114).

### Defective Sidewalk—Contributory Negligence.

In an action for damages for personal injury to a traveler, claimed to have been caused by the negligence of the defendant city in failing to keep its sidewalk in repair, *held*, it conclusively appears from the evidence that plaintiff was guilty of contributory negligence, and therefore cannot recover.

Appeal by plaintiff from a judgment for costs entered in the district court for Morrison county, Searle, J., after a verdict for defendant and the denial of a new trial. Affirmed.

*Lindbergh, Blanchard & Lindbergh*, for appellant.
*E. P. Adams*, for respondent.

CANTY, J.  This is an action for damages for personal injury alleged to have been caused by defendant's negligence in failing to keep the sidewalk on one of its public streets in repair.  Defendant had a verdict.  Plaintiff's motion for a new trial was denied, and he appeals from the judgment.

Appellant assigns as error the giving of different portions of the court's charge, a ruling on the admission of evidence, and another on a challenge to a juror; but, in our opinion, the evidence would not in any event sustain a verdict for plaintiff, so that, if any such error was committed, it was error without prejudice.  Plaintiff was a youth of 15 or 16 years of age at the time of the injury.  At that time he had traveled over the portion of the sidewalk in question four times a day on five days in the week, for four months, in going to and returning from school.  The sidewalk consisted of two-inch planks, about six feet long, laid across the walk on stringers laid lengthwise on the ground.  The planks were nailed to the stringers.  The ends of the planks extended out about six or eight inches beyond the stringers.  About four days before the injury plaintiff noticed, as he was going along the sidewalk, that one of the planks was loose.  Two days later

[1] Reported in 71 N. W. 678.

he stepped on the end of this plank when going along, and it tipped up. On the day of the injury plaintiff again walked out on the edge of the sidewalk. He again stepped on the end of this plank with one foot. It tipped or raised up, and the other foot went under the plank and was sprained and injured. This plank was about six or eight inches wide. As to how it occurred plaintiff testified as follows:

"Q. How came you to be walking out on the end of the sidewalk? A. I didn't pay much attention where I was walking; on the end or in the middle. Q. Were you clear out on the end? A. Not clear out. Q. How far from the end were you? A. Two or three inches from the end. Q. Was there any occasion for your getting out on the end there, any reason for it? A. No, sir. Q. This was in plain sight as you came along there; it was not covered up in any way? A. No, sir. * * * Q. That plank, then, was slipped out about four or five inches? A. Yes, sir. Q. You saw that when you put your foot on it? A. No, sir. * * * Q. How do you know it was slipped out? A. I noticed it after I got up. * * * Q. Instead of your foot going down between the planks, it went down outside? A. Yes, sir. Q. The plank you stepped on stood out four or five inches from the rest of the walk? A. I noticed after I got up that it was slipped out. * * * Q. You say your foot didn't go down between the planks? A. No, sir. Q. It went down outside the sidewalk; you stepped on the end of the plank that went out from the sidewalk? A. It didn't go down between the planks. It went down outside of the line where the sidewalk would be. Q. How far from the end of the plank was it you put your foot A. I don't remember. Q. Didn't I ask you that question yesterday, and, every time I asked you, you told me you put it within two inches of the end? A. A couple of inches. * * * Q. Was there any reason why you should not have walked in the middle of the sidewalk? A. I didn't particularly notice. Q. Was there anything on the sidewalk except yourself at that time? A. There was myself; that was all. Q. The sidewalk was perfectly clear? A. Yes, sir. Q. So there was nothing to prevent you from walking in the middle, or any other part of it? A. No, sir. Q. Was there any reason why you were away out on the outer edge of it? A. No, sir."

There is no evidence which changes or modifies the foregoing, and it conclusively appears that the plaintiff must have been using the sidewalk as a plaything, or as an instrument by which to test his skill in walking on dangerous projections and in difficult places. It

conclusively appears that he was guilty of contributory negligence, and therefore cannot recover.

The judgment appealed from is affirmed.