(73 N. W. Rep. 91.)

R. H. HECKMAN *vs.* P. S. EVENSON.

Opinion filed December 6th, 1897.

**Obstruction in Street—Negligence—Jury Question.**

Where, in determining whether or not a given obstruction or defect in a street renders such street unsafe, reasonable men might reach different conclusions, the determination of the matter should be left to the jury, and this is true even though there be no dispute whatever as to the character of the defect or obstruction.

**Foot Passengers on the Street.**

A foot passenger in a city is not limited to traveling on the sidewalks or crosswalks. He may, while exercising due care in so doing, walk along or across a street, and may leave the sidewalk at such points as suits his convenience; and he has a right to presume, and act upon the presumption, that the street is reasonably safe, and free from dangers to travelers, for its entire width.

**Contributory Negligence.**

In determining whether or not a plaintiff has been guilty of such contributory negligence as will defeat a recovery, his actions must be measured by the actions of an ordinarily prudent man, under the same circumstances and in the same position.

**Question of Negligence is for the Jury.**

It is only when but one conclusion can reasonably be drawn from conceded or undisputed facts that the question of negligence becomes purely a question of law. If from such facts reasonable men might draw different conclusions or deductions, then the question of negligence must be left to the jury.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by R. S. Heckman against P. S. Evenson to recover

damages for personal injury. Verdict and judgment for plaintiff for $500 damages. Defendant appeals from an order denying him a new trial.

Affirmed.               .

*F. H. McDermont, W. E. Rowe,* (*H. Steenerson,* of counsel,) for appellant.

The evidence shows that the surface of the stones in the street though uneven, were in such shape that traffic could be carried on over them more conveniently than before, and that horses stood on them daily. This unevenness is not such a defect as would render any one liable for an injury that might occur from stumbling on them. *Raymond* v. *City,* 6 Cush. 524, 53 Am. Dec. 57; *Coombs* v. *Purrington,* 42 Me. 332; *Town* v. *Evens,* 18 A. & E. Corp. Cas. 275; *Indianapolis* v. *Cook,* 99 Ind. 10; *Quincy* v. *Baker,* 81 Ill. 300; *Richmond* v. *Courtney,* 32 Gratt. 792; *Chicago* v. *Bixby,* 84 Ill. 82; *Aurora* v. *Pulfer,* 56 Ill. 270; *Dubois* v. *City,* 12 Am. and Eng. Corp. Cas. 630; *Waggener* v. *Town,* 26 S. E. Rep. 352; *Grant* v. *Town,* 42 N. Y. Supp. 107. Plaintiff was guilty of contributory negligence in jumping off the walk onto the stones without looking. *Raymond* v. *City,* 53 Am. Dec. 57; *City* v. *Milner,* 20 N. E. Rep. 235; *Wright* v. *City,* 55 N. W. Rep. 819; *Howes* v. *District of Columbia,* 2 App. (D. C.) 188; *Howes* v. *District of Columbia,* 22 Wash. Law. Rep. 41; *Hudson* v. *City,* 71 N. W. Rep. 678. Plaintiffs injuries resulted solely in consequence of an error of judgment on his part; for this defendant cannot be held responsible. *Burr* v. *Plymouth,* 48 Conn. 460; *Alline* v. *LeMars,* 18 A. & E. Corp. Cas. 262; *Potter* v. *Castleton,* 53 Vt. 435; *Hill* v. *Scranton,* 50 Am. Rep. 743; *Pittman* v. *City,* 46 Pac. Rep. 495; *Perry* v. *City,* 54 N. W. Rep. 225; *Smith* v. *City,* 63 N. W. Rep. 982; *City* v. *Harrison,* 19 S. E. Rep. 179.

*O. A. Wilcox,* for respondent.

Whether the facts impute negligence is a question for the jury, when the circumstances are such that men of ordinary prudence and discretion might differ as to the character of the act. Thomp.

on Neg. 365. *Alt.* v. *C. & N. W. Ry. Co.*, 5 S. D. 20, 57 N. W. Rep. 1126. If the facts and circumstances though undisputed are ambiguous and of such a nature that reasonable men might disagree as to the inference or conclusions to be drawn from them, the case should be submitted to the jury. *Craig* v. *N. Y. Elev. Ry. Co.*, 118 Mass. 431; *Greany* v. *L. I. R. Co.*, 101 N. Y. 419, 5 N. E. Rep. 425. A person is not guilty of contributory negligence in not being on the lookout for excavations on the street. *City* v. *Isaacs*, 3 S. W. Rep. 693; *City* v. *Mizee*, 29 Pac. Rep. 754; *Ott* v. *City*, 131 N. Y. 594; *Veits* v. *Skinner*, 47 Ill. App. 325. The traveling public have a right to suppose that there are no dangerous pitfalls in any part of the street, without a light or railing to guard the same. *Durand* v. *Palmer*, 29 N. J. L. 544; *Wright* v. *Saunders*, 58 Barb. 214, 3 Keyes, 323; *Gordon* v. *City*, 2 S. E. Rep. 727, 2 Thomp. Neg. 1199. The public have a right to use the whole street from side to side. Tiedman on Muc. Corp. § 300. Contributory negligence must be pleaded. *Durand* v. *Palmer*, 29 N. J. L. 544. It will not be presumed. *Durand* v. *Palmer*, 29 N. J. L. 544. It is a question of fact for the jury. *Hanson* v. *Taylor*, 8 At. Rep. 331; *Orleans* v. *Perry*, 40 N. W. Rep. 417; *City* v. *Gore*, 17 At. Rep. 144; *Sandy Lake* v. *Foraker*, 18 At. Rep. 609; *Barr* v. *Kansas City*, 16 S. W. Rep. 483; *City* v. *Dolan*, 31 N. E. Rep. 416; *City* v. *Babcock*, 32 N. E. Rep. 271; *City* v. *Dale*, 90 Ill. 46; *Clayton* v. *Brooks*, 37 N. E. Rep. 574; *Dale* v. *City*, 24 N. Y. Supp. 968; *Lichtenberger* v. *Town*, 58 N. W. Rep. 1058.

BARTHOLOMEW, J. This action was brought to recover damages for a personal injury. There was a verdict for plaintiff, a new trial was denied, and defendant appeals. There is but little conflict in the testimony. The plaintiff was a farmer living a few miles from the town of Northwood, in Grand Forks County, and was in the habit of marketing his produce and doing his trading in such town. The defendant was the owner of a store building on the principal business street in said town. This street had been improved in such a manner that it was highest in the center, and sloped gradually from the center to the sidewalk, so that at the

outer edge of the sidewalk the street was between two and three feet lower than the top of the sidewalk; at least, that was the condition along the block where defendant's store was situated. Rings had been fastened along the outer edge of the sidewalk for the accommodation of parties who desired to hitch their teams. The defendant caused two loads of stones to be placed in the street in front of his building. The stones extended for about fifteen feet lengthwise of the street, and from the edge of the sidewalk out into the street for two or three feet. The largest of these stones were not more than twelve inches in diameter, and the smallest were not more that one-fourth that size. It was nearly or quite two feet from the top of the sidewalk down to these stones. There is some conflict as to the condition in which these stones were left, defendant claiming that he practically covered them with dirt and gravel. The jury were warranted, however, under the evidence, in saying that they had been covered very little, if any, and that the surface was very rough and uneven. On the evening of October 20, 1895, the plaintiff drove his team up to the sidewalk at a point twenty to twenty-five feet north of defendant's store, and tied his horses to the ring in the walk, and went into defendant's store building, having some business with the man who occupied the same. It was dark, and the lamps in the store were lighted. Plaintiff did not know of these stones, but he knew, in a general way the condition of the street. His usual trading place was about a hundred feet north, where practically the same conditions prevailed, except as to the stones. It was his intention when he concluded his business to untie his team, and go directly home, and as it was already dark, he was presumably in something of a hurry. His testimony so indicates. When he left the store he walked directly out to the edge of the sidewalk. The light from the windows shone out on the walk, and into the street, but, of course, the street close up to the sidewalk was in the shade, so that objects could not readily have been observed. Plaintiff, however, makes no claim that he endeavored to see what was there. On the contrary, he says that

when he reached the edge of the walk, without halting, he stepped down into the street. In so doing his foot struck upon a projecting stone in such a manner that his ankle turned and his leg was broken.

Whether or not the stones in the street, in the condition in which they were, or in which, under the evidence, the jury was warranted in saying they were, constituted a defect of which the plaintiff could legally complain, was a question for the jury. In other words, it was for the jury to say whether or not the defendant had, by placing the stones in the street, rendered it unsafe. *Gerald* v. *City of Boston*, 108 Mass. 580; *Dowd* v. *Chicopee*, 116 Mass. 93; *Lane* v. *Town of Hancock*, 142 N. Y. 510, 37 N. E. Rep. 473; Shear. & R. Neg. § 350, and cases cited. Cases can be found where courts have held, as a matter of law, that no recovery could be had for injuries resulting from certain defects or obstructions in the street. *Raymond* v. *City of Lowell*, 6 Cush. 524, *Beltz* v. *City of Yonkers*, 148 N. Y. 67, 42 N. E. Rep. 401; *Grant* v. *Town of Enfield*, (Sup.) 42 N. Y. Supp. 107. But these courts all admit that where, on the question of whether or not a given obstruction or defect renders the street unsafe, different minds might honestly reach different conclusions, such question must go to the jury, although there be no dispute whatever as to the character of the defect or obstruction. Upon this latter theory, even, it is clear that the question of the nature of the defect was for the jury in this case. Nor must this case be confounded with cases of accidental and temporary defects, which might arise by a brick working loose in a walk, or from an accidental block in the street,—things which ordinary prudence might not successfully guard against. In this case the obstruction, if such it was, was placed there purposely and in a manner to make it permanent in its character.

Nor do we find any error in the instructions of the court on this branch of the case. Numerous exceptions to the charge were taken, but most of them are too general for us to notice,

and are abandoned in the assignment of errors. As to the other exceptions, it is sufficient to say that by no fair construction of the language used did the court at any time presume to tell the jury what particular fact or circumstance would render the street unsafe or dangerous, for the purpose of ordinary travel, by persons in the exercise of due care. That matter was studiously left to the determination of the jury, and we think the evidence was sufficient to warrant the jury in finding that the acts of the defendant had rendered the street unsafe, and from such fact negligence followed as matter of law.

It is strenuously urged, however, that plaintiff cannot recover, by reason of his contributory negligence. It is claimed that his act in stepping from the sidewalk to the street in the dark, and without stopping to examine the condition of the street into which he was stepping, and without halting or taking any precautions for his safety, was, *per se*, such an act of negligence as bars his recovery. We can perceive no sufficient reason for entering, at this time and in this case, upon any lengthy discussion of the law relating to contributory negligence. The matter has certainly been exhausted, and by writers who were masters of the subject. We need only apply the law as it has been decided. "Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of." Beach, Contrib. Neg. § 7. As a general rule, it is conclusively settled that the presence of such negligence on the part of a plaintiff will defeat any recovery. "The failure to exercise such care, prudence, and forethought as duty requires to be given or exercised under the circumstances is negligence." *Brotherton* v. *Improvement Co.*, 48 Neb. 563, 67 N. W. Rep. 479. "By ordinary care is meant such care as a prudent man would use under the same circumstances. It must be measured by the character and risks of the business." *Railway Co.* v. *Barrett*, 166 U. S. 617, 17 Sup. Ct. 707. "The standard of

the ordinarily prudent man must be applied in every case where the inquiry is whether or not a party has acted with due care." *Laufer* v. *Traction Co.*, 68 Conn. 475, 37 Atl. 379. To determine whether or not plaintiff was guilty of contributory negligence in this case, his acts must be measured by what an ordinarily prudent man, under the same circumstances and surroundings, would have done. The legal proposition that a foot passenger, while exercising ordinary care in so doing, has a right to travel along or across a street as may suit his convenince, and in so doing he has right to presume and act upon the presumption that such street is reasonably safe for its entire width and free from dangers to travelers, is, we think, well sustained by *Gordon* v. *City of Richmond*, 83 Va. 436, 2 S. E. Rep. 727; *Durant* v. *Palmer*, 29 N. J. Law, 544; *Street* v. *Holyoke*, 105 Mass. 85; 2 Thomp. Neg. 718, 1197; Beach Contrib. Neg. § 260, and cases cited; Tied. Mun. Corp. 575. Hence the act of leaving the sidewalk and going upon the street, not at a crosswalk, was not of itself an act of negligence.

The defendant assigns as error the refusal of the court to give the following instruction requested by the defendant: "If you find from the evidence that the plaintiff, without cause walked across the sidewalk, and stepped off from it into the gutter, without looking where he was stepping, the court charges you that he was guilty of negligence in so doing." There was no evidence whatever that the plaintiff left the sidewalk "without cause." All the evidence showed that he had a well defined purpose in so doing, and that was to unfasten his team and get into his vehicle. It would be most unreasonable to say that he should unfasten his team from a ring in the sidewalk while standing thereon. It might be done, but the ordinary man does not voluntarily assume a position so strained and uncomfortable, when, by stepping from the sidewalk, it could be avoided. Neither would it be reasonable for the jury to say that he should have gotten into his vehicle—a common farm wagon—without leaving the sidewalk. Again, it was misleading to talk to the

jury about stepping into the gutter. There was no gutter there, in the proper sense of the word. True, the street was lowest next to the walk, but there was no gutter, as distinguished from the street proper. The instruction requested was unfortunately worded, and its refusal was not error.

Appellant argues upon the theory that the fact that the walk was two feet above the street was in itself a dangerous defect; that plaintiff knew of this defect; and that, in attempting to pass it, he voluntarily assumed the risks attendant thereon, and that his injury was simply the result of his error of judgment in thinking that he could safely pass the defect. That reasoning, when applied to the facts in this case, would carry us to this result: Where a party assumes the risk of passing a known danger, and in making such passage encounters another and unknown danger, whereby he is injured, he is without remedy because in presuming to pass the known danger he assumed all risk of being hurt. But, of course, such is not the law. Had the street been in fact as plaintiff had a right to presume it was,—reasonably safe and free from danger,—and had plaintiff nevertheless been injured, he might have been without remedy. But instead of stepping from the sidewalk down upon a dirt street as he supposed he would, plaintiff stepped upon a projecting stone placed and fastened there by the act of the defendant, and that, under the evidence, was the proximate and sole cause of the injury; and, where the cause of an injury is thus specifically ascertained, the law will not stop to speculate upon what might have occurred had such cause been absent.

Was plaintiff negligent in stepping off the walk as he did, and in not seeing the stone that caused the accident? Here again we must use the same standard of measurement,—the actions of men of ordinary prudence under the same circumstances. We think the jury, as practical men, would at once say that the man of average prudence, coming out of that store for the purpose of unhitching his team, would have stepped from the walk down into the street. If so, there was no negligence in stepping down

unless it was done in a negligent manner. It will be conceded that, had plaintiff known of the presence of the stones, it would have been his duty to be alert to avoid them; or, not knowing of them before, had he seen them before he stepped down he must have avoided them. But not knowing of their presence, and not seeing them, was he negligent in stepping down without ascertaining the condition of the street? We cannot say, as matter of law, that he was, unless we disregard that other principle, which declares that he may rightfully presume that the street is reasonably safe and free from dangers, and act upon that presumption. If a party must be charged with negligence in making a step in advance when he does not clearly see where he is stepping, then, of course, all presumption that the street is safe is swept away. In this connection appellant cites *Raymond* v. *City of Lowell*, 6 Cush. 524; *Dubois* v. *Kingston*, 102 N. Y. 219, 6 N. E. Rep. 273; *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Wright* v. *City of St. Cloud*, (Minn.) 55 N. W. Rep. 819; and *Hudson* v. *City of Little Falls*, (Minn.) 71 N. W. Rep. 678. But an examination of these cases will show that in nearly every instance the injured party either knew beforehand of the defect, or saw it at the time. The case from 6 Cush. goes a step further, and holds a plaintiff guilty of contributory negligence who, in the day time, failed to see an obstruction that was in plain view. This case is no doubt much weakened as an authority by the subsequent cases of *George* v. *Haverhill*, 110 Mass. 511; *Hill* v. *Seekonk*, 119 Mass. 85; *Hawks* v. *Northampton*, 121 Mass. 10. We think the better rule is as stated in 2 Thomp. Neg. 1197: "There is no rule of law which obliges a person while upon the highway to keep his eyes constantly on the road before him that he may avoid injury from any defects therein. He may presume the road is in a fit condition for travel; in other words, he is not obliged to presume negligence on the part of those whose duty it is to keep the highway in repair." But no case has been cited, and we are confident that none can be cited, holding that a party is negligent in not avoiding a defect of which he had no knowledge, which he did not see, and which

he could not have seen in the ordinary exercise of his faculties. It is undisputed in this case that, by reason of being in the shadow of the walk, the defect that caused the injury was not readily discernible. We think we need pursue this line no further in order to demonstrate that the facts of this case bring it within no decision where a court has declared negligence to exist as matter of law. True, it has often been said that, where there is no dispute about the facts, negligence is a pure question of law. This language has been used without qualification in cases where no necessity for qualification existed. But the Supreme Court of Wisconsin in *Hoye* v. *Railway Co.*, 62 Wis. 666, 23 N. W. Rep. 14, said: "It is only when the inference of negligence or contributory negligence is necessarily deducible from the evidence and the circumstances proven that the court is justified in taking the case from the jury." Or to state the qualification differently, but not so well, it is only when but one conclusion can reasonably be drawn from the conceded or undisputed facts that negligence becomes purely a question of law. If the undisputed facts be of such a character that reasonable men might draw different conclusions or deductions therefrom, then the question of negligence must be submitted to the jury. Shear & R. Neg. § 56; Thomp. Neg. 365; Beach, Contrib. Neg. § 454, *et seq.*; *Beltz* v. *City of Yonkers*, 148 N. Y. 67, 42 N. E. Rep. 401; *Greany* v. *Railroad Co.*, 101 N. Y. 419, 5 N. E. Rep. 425; *Craig* v. *Railway Co.*, 118 Mass. 431; *City of Chicago* v. *Babcock*, (Ill. Sup.) 32 N. E. Rep. 271; *Kane* v. *Railway Co.*, 128 U. S. 91, 9 Sup. Ct. 16. Under this qualification to the proposition, which is as thoroughly grounded in the law as the proposition itself, the question of contributory negligence was properly submitted to the jury, and their finding cannot be disturbed. We have discussed all the points raised by the assignment of errors which we consider worthy of space. All concur.

Affirmed.

(73 N. W. Rep. 427.)

NOTE—One making an excavation adjoining a public way is liable to one who

deviates from the road and falls into the excavation. *Sanders* v. *Reister*, 1 Dak. 146. City held liable for permitting a threshing engine to remain on street from which a horse took fright, injuring person driving upon the street. *Ouverson* v. *City*, 5 N. D. 281. Also for injury from porch overhanging sidewalk. *Larson* v. *City of Grand Forks*, 3 Dak. 307. City held liable for injury to one driving into an unguarded ditch upon public street. *Ludlow* v. *Fargo*, 3 N. D. 485. Also for injury to a foot passenger who stepped into a hole in the side walk made by the displacement of a loose plank. *Chacey* v. *Fargo*, 5 N. D. 175. Notice will be inferred if the defect in a street has existed for a considerable time. *Larson* v. *City of Grand Forks*, 3 Dak. 307; *Ludlow* v. *Fargo*, 3 N. D. 485; *Chacey* v. *Fargo*, 5 N. D. 173. The power conferred upon a city to provide for keeping its streets and sidewalks clear from obstructions, carries the duty to keep the same in safe condition. *Ouverson* v. *Grafton*, 5 N. D. 281; *Larson* v. *Grand Forks*, 5 Dak. 307. Whether an excavation is deep and dangerous, and in dangerous proximity to the public way are questions for the jury. *Sanders* v. *Reister*, 1 Dak. 146. The question of contributory negligence is for the jury. *Herbert* v. *Ry. Co.*, 3 Dak. 38; *Mares* v. *Ry. Co.*, 3 Dak. 336; *Elliot* v. *Ry. Co.*, 5 Dak. 523; *Ouverson* v. *Grafton*, 5 N. D. 381. And the burden of proving it is on the defendant. *Sanders* v. *Reister*, 1 Dak. 146; *Ouverson* v. *Grafton*, 5 N. D. 281; *Mares* v. *Ry. Co.*, 3 Dak. 336; *Gram* v. *Ry. Co.*, 1 N. D. 252; *Bostwick* v. *Ry. Co.*, 2 N. D. 440; *Bennett* v. *Ry. Co.*, 3 N. D. 91; *Sogstad* v. *Ry. Co.*, 5 Dak. 517; *Elliott* v. *Ry Co.*, 5 Dak. 523. Where there is no conflict in the evidence, contributory negligence may become a question of law. *Schmidt* v. *Leistekow*, 6 Dak. 386; *Herbert* v. *Ry. Co.*, 3 Dak. 38. Proximate cause defined. *Ouverson* v. *Grafton*, 5 N. D. 281; *Chacey* v. *Fargo*, 5 N. D. 173. Expense of medical attendance is recoverable as damages. *Chacey* v. *Fargo*, 5 N. D. 173.