HATFIELD v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Evidence:** ADMISSION OF: REFERENCE TO FACTS NOT YET SHOWN. In an action for personal injury, it was no objection to an inquiry, addressed to plaintiff as a witness on his own behalf, whether he had followed the requirements made by the physician, that it had not been shown what these requirements were. The defendant, on cross-examination, could inquire what they were, and what the plaintiff did in following them.

2. ———: IRRESPONSIVE ANSWER TO IMPROPER QUESTION: PRACTICE. When an improper question is asked, and matter elicited which is not responsive thereto, the error of the court in overruling an objection to the question will not justify a reversal. The attention of the court should be called to the irresponsive matter, and the court asked to strike it out.

3. **Instructions:** MUST DETERMINE ISSUES. The court must determine the issues in its instructions, and must not refer the jury to the pleadings to ascertain what they are. But where the instructions taken together properly state the issues, a single reference to the pleadings, which could mislead no one, is no ground for reversal.

4. **Contributory Negligence:** QUESTION FOR JURY: INSTRUCTIONS. Under the circumstances of this case, the question whether the plaintiff's negligence contributed to the injury was for the jury to determine, and the instructions of the court, taken together, (see opinion), correctly stated the law for the guidance of the jury.

5. **Credibility of Witnesses:** HOPES AND FEARS: INSTRUCTION. In an action against a railway company for damages on account of personal injury to an employe, an instruction to the jury that in judging of the credibility of witnesses they should take into consideration, among other things, their "hopes and fears," was not erroneous as intimating that railway employes dare not tell the truth from fear of being discharged if they do.

*Appeal from Appanoose District Court.*

SATURDAY, JUNE 16.

ACTION by an employe of the defendant to recover damages caused by his being injured through the negligence of a co-employe. Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*M. A. Low*, for appellant.

*Geo. D. Porter*, for appellee.

SEEVERS, J. The plaintiff was in the employ of the defendant, working on what is called a construction-train, and engaged with others in loading iron rails on the train. The rails were lying alongside of the track, and while loading the same the injury was received.

I. The negligence of the defendant or its employes is thus stated in the petition:

"That as this plaintiff and the other men were carrying up the iron rails, the man at the rail pile, next the car, who was put there with an iron bar to loosen the rails and roll them back to the men so that they could get a hold of the rails without injury to themselves, the agent and conductor of defendant, Pat Dunn, ordered the man at the rail pile to roll the rails down. He rolled two rails down. Then said Pat Dunn

ordered the men to take hold of the rails and put them on the car. The man at the rail pile told Pat Dunn to hold on, that the rails would roll down, and then Pat Dunn ordered the men to take hold of the rails, and 'no monkeying about it,' and put them on the cars. The man at the rail pile told Pat Dunn the second time that the rails would roll down, and while the man said this at the west end of the rails, the men took hold of the rails to put them on the cars, and, while doing so under the order of Pat Dunn, two rails rolled over or fell over from where they were on to the plaintiff's right foot, smashing and mangling the same and cutttng off his toe," and othewise injuring him. There was evidence tending to support the allegations of the petition.

The plaintiff was a witness in his own behalf, and, after stating how the accident occurred and the extent of the in-

1. EVIDENCE: jury, he was asked: "What do you say about fol-
admission of:
reference to lowing strictly the requirements made by the
facts not yet
shown. physicians." This question, and another embracing the same thought, was objected to, because "it is not shown what the directions given by the physicians were." The objection was overruled, and the witness answered: "I did as near as I could."

We think the ruling of the court is correct. It was competent for the plaintiff to testify as he did. The defendant on cross-examination could inquire what the physicians' directions were, and what the plaintiff did. The mere fact that it had not been shown what the directions of the physician were, would not render the evidence offered incompetent. It is said, there was evidence tending to show that with proper care the injury would not have been permanent, and for this reason, it is said, the plaintiff should not have been permitted to testify as to his having followed some undisclosed direction. No such evidence had been introduced at the time the ruling was made, and the court could not anticipate what evidence would be introduced. No motion

Hatfield v. The Chicago, Rock Island & Pacific Railway Company.

was made to strike out the evidence. It must not be taken for granted from what has been said that the objection to the question was well taken, even if it had appeared at the time the ruling was made that evidence had been introduced tending to prove as above stated.

II. The allegations of the petition were denied, and the defendant pleaded that the plaintiff had been guilty of contri-

2. ———: irre- butory negligence. Counsel for the plaintiff
sponsive
answer to im- asked a witness: "What do you say as to his (the
proper ques-
tion: practice. plaintiff) being careful at the time, under the circumstances." This question was objected to on the ground that it asked for a "conclusion and opinion of the witness." The objection was overruled, and the witness answered: "I could not say exactly how careful he was. I suppose he was as careful as the rest of us. That is the only way I ever saw them loaded—the way we were at work there."

Conceding the question to be objectionable on the ground stated, this will not justify a reversal, unless the answer was responsive and prejudicial. When the witness said, "I could not say how careful he was," he had answered the question. The residue of the answer was not responsive. He was not asked as to the care or negligence of the other men, nor was he asked to compare the care of the other men at work with that exercised by the plaintiff. The question was not so framed as to direct the response made as to the usual way of loading iron rails. If an improper question is asked, and matter elicited which is not responsive thereto, we do not think the error of the court in overruling an objection to the question will justify a reversal. The attention of the court should be called to the irresponsive matter, and the court asked to strike it out. A party should not be bound by such an answer, and it is not his duty (that is, the party asking the question), to ask that it be striken out, and, clearly, it is not the province of the court to do so on its own motion.

III. Complaint is made of the third paragraph of the

charge, because the court said to the jury that they must de-

**3. INSTRUC-TIONS: must determine issues.** termine "whether or not the evidence shows" that the plaintiff "was injured about said time substantially as he claims in his petition." It is said, the court must determine the issues, and should not refer the jury to the pleadings to ascertain what they are. This is true; but taking the instructions all together, the court did fully° and clearly state the issues; and the reference in the single sentence above set out to the pleadings, we do not think was either misleading or prejudicial. The sentence we have quoted is taken from a long instruction which, taken with other instructions, states the issues fully and fairly.

IV. The fifth paragraph of the charge covers nearly a page of the printed abstract. The only objection thereto is, that the court directed the jury to inquire whether the fore-man, Dunn, was "negligent in permitting the rails to be in the position they were at the time, as claimed by plaintiff's attorney." It is said there was no such issue, and that the negligence of the defendant was not predicated on the faulty manner in which the rails were piled. The objections urged may be well taken, and yet the instruction be unobjectionable, for the court had no reference to the manner in which the rails were piled. The claim of the plaintiff was in substance that, under the orders of Dunn, some of the rails were removed, or the same were being removed from the pile, and it was the position in which the remainder were, or would be left after the removal, to which the court directed the attention of the jury in the language above quoted. There was such an issue, and thereon the plaintiff's right to recover was based.

V. The court instructed the jury as follows:

"4. But if you find that the plaintiff was injured as he claims, by a rail rolling upon his foot, and you further find

**4. CONTRIBU-TORY negligence : question for jury: instructions.** that said injury was caused by the negligence of the defendant's agents, and you further find that the plaintiff did not contribute to said injury by his own negligence, then the plaintiff would be entitled to

recover, and your verdict should be for him. But if you find that the plaintiff was injured as he claims, and you further find that he contributed to said injury by his own carlessness, then he cannot recover, and this is true, even though the evidence should show that the agent was also negligent. In such a case, that is, where both parties are negligent, the law does not stop to consider whether one party was more negligent than the other or not, but if the plaintiff contributed to his injury by his own negligence, then no matter how slight his negligence is, he cannot recover.

"9. If you find that the said agent was careless or negligent in what he did, and yet further find that said negligence was not the cause of the injury to the plaintiff, then the plaintiff cannot recover. Or if you find that the plaintiff was guilty of negligence, then he cannot recover, but if you find that the plaintiff may have been in some respect negligent, but that such negligence did not contribute or tend to produce the injuries he received, if any, but that said injuries were produced by the negligence of said agent as before explained to you, then he would be entitled to recover."

The defendant objects to the last instruction only. It is said to be erroneous and misleading, because, if the plaintiff was guilty of any negligence, it necessarily contributed to his injury. But it seems to us that we cannot so say as matter of law, but that it was for the jury to say whether this was so or not. Both of the foregoing instructions must be read together, and, thus doing, it is evident the court directed the jury that the plaintiff could not recover, if he was guilty of negligence which contributed to his injury.

It has been said: "In other words, to put the same doctrine into the language made familiar to us by the adoption of the terms "proximate" and "remote," "any 'remote' negligence will not protect a person who by 'proximate' negligence does me an injury." Wharton on Negligence, section 324. See, also, *Birge v. Gardner*, 19 Conn., 507; *Murphy v. Deane*, 101 Mass., 455.

The terms "contributory negligence" mean such negligence as contributed to the injury. If the accident would have happened irrespective of negligence on the part of the plaintiff, then there can be a recovery.

An instruction in substance the same as the last one above set out was held to be erroneous in the *Atchison, Topeka & Santa Fe Railroad Company v. Plunket*, 25 Kan., 188, on the ground that, if the deceased was negligent at all, such negligence was necessarily "direct and proximate." This the court determined as matter of law. Conceding this doctrine to be sound, we cannot follow it in this case, because, as before stated, we think, under the circumstances in this case, the question whether the negligence of the plaintiff contributed to the injury was for the jury to determine. It does not appear that an instruction in substance the same as the one first above quoted was given in the Kansas case.

VI. The court gave the following instruction: "You are the sole judges of the credibility of the witnesses and the weight to be given to their evidence. If the evidence is conflicting, you must reconcile it, if you can, consistently with the honesty of the witnesses. In considering testimony, you should not discard any without good cause for so doing. You should consider the feeling and interest of the witness, if he has any; his conduct and demeanor upon the stand; his hopes and fears; the reasonableness or unreasonableness of his story; whether he is contradicted or corroborated by other evidence in the case; his opportunities of seeing and hearing what he testifies to having seen and heard, and you should examine all of the evidence in the light of reason and common experience."

5. CREDIBILITY of witnesses: hopes and fears: instruction.

This instruction is said to be erroneous, because it is a direct and unqualified instruction that some or all the witnesses were influenced by hopes and fears, and is an intimation that "railroad employes dare not tell the truth from fear of being discharged if they do." We do not so understand it. As the plaintiff was a witness in his own behalf, the instruc-

tion was more particularly directed to him. But, whether so or not, we think the instruction unobjectionable and eminently proper. In support of the objection *Marquette Railroad Company v. Kirkwood,* 45 Mich., 51, is cited. The instruction in the cited case is materially different from the foregoing. The court directed the attention of the jury to the evidence of the railroad employes, and also directed the jury to consider their interest in "protecting their company, and shielding themselves from blame." This instruction was held erroneous on the ground, in substance, that their standing, in the absence of suspicious conduct on their part, was the same as other witnesses, and that they should not be pointed out by the court as persons whose evidence should be scrutinized because of their hopes and fears.

It is urged that certain instructions asked and refused should have been given, and that the verdict is against the evidence. We cannot concur in this view. The evidence supports the verdict, and the instructions were properly refused. We deem it unnecessary to extend this opinion by stating our reasons at length.

AFFIRMED.