Hudson, J.
The plaintiff in this case was employed by the defendant as a brakeman in its yard at Fargo. While so employed it was his duty to switch and distribute cars and make up trains each day and night. To do such work a switch engine was employed, propelled by steam; and to run and operate this engine, one Bassett was employed by the defendant, and did serve on said engine.
It is alleged in the complaint of the plaintiff, in substance, (and seems to have been maintained by proof) that said engineer was a man of hasty and excitable disposition and ungovernable temper, and had been, while in the employ of the defendant as engineer, accustomed to become unduly and dangerously excited and angry, and while in the performance of his duty was accustomed to act in a most reckless manner, causing great danger and peril to hi§ fellow servants, especially to the brakemen on the train attached to, or moved by the switch engine, ail which the defendant had long known.
*339 That in the month of October, 1881, while the plaintiff was in the discharge of his duty as brakeman in the night time, and while upon the top of a freight car, part of a train being moved in the yard by the switch engine on which Bassett was engineer, the plaintiff from his position on the rear car, gave the engineer a signal to move back the cars so attached to the engine, the length of a certain number of cars indicated by the signal; that while the cars were moving backwards, and before they had been moved backwards the distance they were intended to be moved, and. as indicated by the signal given by the plaintiff, the said engineer suddenly and without warning, stopped and reversed his said switch engine and the cars attached thereto, and thereby threw the plaintiff off the rear car where he was standing, onto the ground; thereupon the said engine suddenly, before the plaintiff had time to move out of the reach of the cars, or off the track, pushed the said cars backwards upon said track, and over the plaintiff, and thereby injured the plaintiff — crushed and broke both of his legs so that it became necessary to amputate them.
The defendant in its answer, among other things, avers: “ That “ the said fall of the plaintiff, and his said injuries resulting there- “ from, were solely caused either by the negligence of the plaintiff “ himself, or by that of some one or more of the other employes of “ the defendant engaged at work, together with the plaintiff in the “ defendant’s said yard at the time of the happening of the said in- “ juries, and not by any negligence or fault on the part of this “ defendant.”
It appears by the evidence that the plaintiff had previously had experience as a brakeman at other places, but had worked in this yard with this engineer but about a week, and his acquaintance with him had been formed in that time; that on the same night of the accident, before it occurred, the plaintiff and the said engi *340 neer had an altercation or dispute in relation to the work of the yard. It appears also in the evidence that the defendant had discharged the said engineer at some time prior to this, on account of some misconduct on his part, and had employed him again; that the superintendent of the company had full knowledge of the character and habits of the engineer. There was considerable proof on both sides relating to the circumstances of the accident, and the conduct of both the engineer and this plaintiff, which was somewhat conflicting.
The negligence of the defendant, company, complained of by the plaintiff, is in neglecting to use ordinary care in the selection of the engineer. The record in the case specifies many alleged errors as occurring at the trial in the court below, but the counsel in his argument before this court did not press upon our attention any except those relating to the contributory negligence upon the part of the plaintiff; therefore, only those will now be considered.
The alleged errors arise upon the charge of the Court given to the jury, and refusal to charge as requested by defendant. The first is as follows:
“ It is also true that if the plaintiff had full knowledge of “ the reckless and careless habits of the engineer, Bassett, as com- “ plained of by him, or had reason to know of such recklessness “ and carelessness, he should either have quit the service, or re- “ ported the facts to the officers of the company having the power “ to discharge him, and a failure to do so might be negligence on “ his part. But, gentlemen, it is for you to say, from all the at- “ tending circumstances whether he was negligent in that regard. “ While this rule of law above stated is generally true, a reasonable “ view must be taken in its application here. The evidence tends “ to show that the plaintiff had been at work in this yard but- a “ short time, and only a part of that time with, or under, this en- *341 « gineer, Bassett. Now, had he such knowledge, or had he such “ an opportunity to know, of the careless and reckless habits of “ Bassett, rendering it dangerous for him to work with him, that “ made it his duty to have refused to continue in such service, or “ to have reported him to the officers of the company? The de- “ fendant having alleged negligence on the part of the plaintiff, ii denominated contributory negligence, it must be established by “ a preponderance of evidence to warrant you in finding it.”
The defendant’s counsel requested the Court to charge as follows, which was refused:
1. “ The jury are hereby instructed to find for the defendant.”
2. “ If the plaintiff knew, or had an opportunity of knowing, “ before his fall from the car in question, that Bassett was an unfit “ or unsafe man to run the engine in question, in that case it was “ the plaintiff’s duty to refuse to work with him any longer, and “ his failure to do so would prevent him recovering in this suit.”
3. “ The evidence adduced on behalf of the plaintiff tended to “ show that Bassett was guilty of negligence in running his engine “ during the same night on which the plaintiff was hurt, previous “ to the accident, and while the plaintiff was working with him. “ If the jury believe such to have been the facts it must find for “ the defendant.”
The defendant objects particularly to that portion of the charge of the Court in these words: “ The defendant having alleged neg- “ ligence on the part of the plaintiff, denominated contributory “ negligence, it must be established by a preponderance of evi- “ dence to warrant you in finding it,” and contends that it was for the plaintiff to show that he was free from fault, and insists that it was error to refuse to charge as requested, and to submit the question of contributory negligence of the plaintiff to the jury upon the facts proven. ' "While it is true that the absence of rea *342 sonable care or caution on the part of one seeking to recover for-an injury received, will prevent a recovery, it is not correct to say it is incumbent upon him to prove such care and caution. The want of such care and caution, or contributory negligence, is a de- ' fense to be proved by the other side.
The plaintiff may establish the negligence of the defendant, his own injury in consequence thereof, and his case is made out. If there are circumstances which convict him of concurring negligence, the defendant must prove them, and thus defeat the plaintiff.
In an action based upon the negligence of the defendant, if the plaintiff can prove his case without disclosing his own contributory negligence, then such contributory negligence is purely a matter of defense to be proved by the defendant. The fact that the plaintiff in making his proofs on his part, introduces evidence tending to prove his own contributory negligence, does not change the nature of the issue. The affirmative of the issue on the question of the plaintiff’s negligence is still with the defendant, and because he may use the evidence introduced by the plaintiff to support that side of that issue, that fact does not shift the burden of proof from the defendant to the plaintiff: Kelly et al. v. Chicago & N. W. Ry. Co., 19 N. W. Rep., 521; Randall v. N. W. R. Co., 11 N. W. Rep., 419; Hoth v. Peters, 55 Wis., 405; Abb. Tr. Ev., 595; Abbott v. Chicago, Milwaukee & St. Paul Ry. Co., 30 Minn., 482.
The question of contributory negligence may, in some cases, upon a certain state of facts, become a question of law for the court. “ It is so when the facts are undisputed or conclusively “ proved, and there is no reasonable chance for drawing different “ conclusions from them; and even if there be a controversy in the “ evidence as to some facts, yet if those that are uncontroverted *343 “ clearly and indisputably establish negligence, it is still a question “ of law for the court. But where the evidence on material points “ is conflicting, or where the facts being undisputed, different “ minds might reasonably draw different conclusions from them, and on which fair minded men of ordinary intelligence might u differ as to the inferences to be drawn therefrom, the question “ of negligence cannot be passed upon by the court:” Abbott v. Chicago, Milwaukee & St. Paul Ry. Co., 30 Minn., 482.
Nothing appears in the evidence on the part of the plaintiff tending to show negligence or want of proper care and caution on his part that would justify the Court in taking the question from the jury. The onus was, then, upon the defendant, if he alleges contributory negligence, to sustain his allegation by a preponderance of the evidence. All the evidence adduced by the defendant, as well as all evidence given on the part of the plaintiff, is proper to be considered and weighed by the jury in determining whether there was any fault' on the part of the plaintiff. It is not enough that the jury find the plaintiff guilty of a want of care and caution, but they must also find, to defeat a recovery, that such want of care and caution contributed proximately to the injury complained of. These facts must be determined from all the evidence and all the circumstances of the case: Hough v. R. Co., 100 U. S., 225; R. Co. v. Gladmon, 15 Wal., 401; Mayers v. C. R. 1. & P. R. Co., 14 N. W. Rep., 342; Herbert v. N. P. R. Co., 13 N. W. Rep., 354; Hatfield v. Chicago, R. I. & P. R. Co., 16 N. W. Rep., 336.
“ The question of negligence or want of ordinary care, is one of “ a complex character. The inquiry, not only as to its existence, “ but whether it contributed, with negligence on the part of an- “ other, to produce the particular effect, is much more complicated. “ As to both, they present, from their very nature, a question, not *344 “ of law, but of fact, depending on tbe peculiar circumstances of “ each case, which circumstances are only evidential of the prin- “ cipal fact, that of negligence, or its effects, and are to be com- “ pared and weighed by the jury, the tribunal whose province it “ is to find facts; not by any artificial rules, but by the ordinary “ principles of reasoning; and such principal fact must be found “ by them before the Court can take cognizance of it and pronounce “ its legal effect:” Beers v. The Hoosatonic R. Co., 19 Conn., 566; Park v. O'Brien, 23 Conn., 339; Herbert v. N. P. R. Co., 13 N. W. Rep., 349.
¥e are of the opinion that both the question of the defendant’s negligence, and the contributory negligence of the plaintiff were questions for the jury, and not for the Court, upon the evidence. The judgment of the court below is,
Affirmed.
All the Justices concurring.