# SARAH MESSENGER v. THE VALLEY CITY STREET AND INTERURBAN RAILWAY COMPANY (a Corporation).

### (32 L.R.A.(N.S.) 881, 128 N. W. 1023.)

**Common Carriers — Carrier and Passenger — When Relation Exists.**

1. The relation of carrier and passenger may exist while the passenger is entering the car or vehicle, and before he is seated therein. The fact that no ticket has been purchased does not necessarily prevent such relation arising. An implied acceptance may arise without the purchase of a ticket or other acceptance in express terms.

**Common Carrier — Street Cars — Approaches — Lights.**

2. It is the duty of a common carrier to provide reasonably safe approaches to its cars, and to provide such approaches with lights at night.

**Negligence — Contributory Negligence — Question for Jury.**

3. The question of defendant's negligence and plaintiff's contributory negligence is, generally, for the jury, and, when passed upon by it, will not ordinarily be disturbed.

Opinion filed November 19, 1910.

Appeal from District Court of Barnes county; *Burke, J.*

Action for damages. Judgment for plaintiff. Defendant appeals. Affirmed.

*Herman Winterer* and *D. S. Ritchie,* for appellant.

To become a passenger, one must place himself, by contract express or implied, in carrier's conveyance, and be accepted as such.

Note.—While the mere possession of a ticket does not always entitle one to the rights of a passenger, on the other hand, it was decided in England as long ago as 1839 (Brien v. Bennett, 8 Car. & P. 724) that the lack of a ticket did not necessarily deprive one of the status of a passenger; and this doctrine is now quite generally established, as shown by a review of the authorities in a note in 24 L.R.A. 521, on the question when a person who has started for a train becomes a passenger. The question as to who are passengers and when they become such is also treated in a note in 61 Am. St. Rep. 75; and the meaning of the phrase, "a passenger being transported," in a statute defining the duty and liability of carriers to passengers, is considered, with a review of the authorities, in 4 L.R.A. (N.S.) 254. The effect of signaling a car to make one a passenger is the subject of notes in 13 L.R.A.(N.S.) 283, and 25 L.R.A.(N.S.) 408.

As to measure of care which a carrier must exercise to keep its platforms and approaches safe, see note in 20 L.R.A. 520.

Bricker v. Philadelphia & R. R. Co. 132 Pa. 1, 19 Am. St. Rep. 585, 18 Atl. 983; Chicago Union Traction Co. v. O'Brien, 219 Ill. 303, 76 N. E. 341; Farley v. Cincinnati, H. & D. R. Co. 47 C. C. A. 156, 108 Fed. 14; Illinois C. R. Co. v. O'Keefe, 168 Ill. 115, 39 L.R.A. 148, 61 Am. St. Rep. 68, 48 N. E. 294; Foster v. Seattle Electric Co. 35 Wash. 177, 76 Pac. 995; Woolsey v. Chicago, B. & Q. R. Co. 39 Neb. 798, 25 L.R.A. 79, 58 N. W. 444; Hicks v. Union P. R. Co. 76 Neb. 496, 107 N. W. 798; Fremont, E. & M. Valley R. Co. v. Hagblad, 72 Neb. 773, 4 L.R.A.(N.S.) 254, 101 N. W. 1033, 106 N. W. 1041, 9 A. & E. Ann. Cas. 1096; Strong v. North Chicago Street R. Co. 116 Ill. App. 246; McFeat v. Philadelphia, W. & B. R. Co. 6 Penn. (Del.) 513, 69 Atl. 744; Hogner v. Boston Elev. R. Co. 198 Mass. 260, 15 L.R.A.(N.S.) 960, 84 N. E. 464.

Presence on platform, having paid no fare, and attempting to board a train do not make a passenger. June v. Boston & A. R. Co. 153 Mass. 79, 26 N. E. 238; Reiten v. Lake Street Elev. R. Co. 85 Ill. App. 657; Missouri, K. & T. R. Co. v. Williams, 91 Tex. 255, 40 S. W. 350, 42 S. W. 855; Merrill v. Eastern R. Co. 139 Mass. 238, 52 Am. Rep. 705, 1 N. E. 548; Bricker v. Philadelphia & R. R. Co. 132 Pa. 1, 19 Am. St. Rep. 585, 18 Atl. 983.

Knowing the use of the plank between platform and car, and stepping into the darkness, without ordinary precaution, plaintiff was guilty of contributory negligence. Hanrahan v. Manhattan R. Co. 53 Hun, 420, 6 N. Y. Supp. 395; Graham v. Pennsylvania R. Co. 139 Pa. 149, 12 L.R.A. 293, 21 Atl. 151; Becker v. Lincoln Real Estate & Bldg. Co. 174 Mo. 246, 73 S. W. 581; Bradley v. Grand Trunk R. Co. 107 Mich. 243, 65 N. W. 102; Gulf, C. & S. F. R. Co. v. Hodges, — Tex. Civ. App. —, 24 S. W. 563; Wallace v. Wilmington & N. R. Co. 8 Houst. (Del.) 529, 18 Atl. 818; Galena & C. Union R. Co. v. Fay, 16 Ill. 558, 63 Am. Dec. 323; Chicago, B. & Q. R. Co. v. Hazzard, 26 Ill. 386; Pennsylvania R. Co. v. Aspell, 23 Pa. 147, 62 Am. Dec. 323; South & North Ala. R. Co. v. Schaufler, 75 Ala. 136; Clark v. Metropolitan Street R. Co. 68 App. Div. 49, 74 N. Y. Supp. 267; Missouri, K. & T. R. Co. v. Turley, 29 C. C. A. 196, 56 U. S. App. 1, 85 Fed. 369; Little v. Hackett, 116 U. S. 371, 29 L. ed. 654, 6 Sup. Ct. Rep. 391; Johnston v. New Omaha Thomson-Houston Electric Light Co. 78 Neb. 27, 17 L.R.A.(N.S.) 435, 110

N. W. 711, 113 N. W. 526; Evansville Hoop & Stave Co. v. Bailey, 43 Ind. App. 153, 84 N. E. 549; Haase v. Morton, 138 Iowa, 205, 115 N. W. 921, 16 A. & E. Ann. Cas. 350; Anderson v. Wilmington, 6 Penn. (Del.) 485, 70 Atl. 204; Miller v. Chicago, St. P. M. & O. R. Co. 135 Wis. 247, 17 L.R.A.(N.S.) 158, 128 Am. St. Rep. 1021, 115 N. W. 794.

*Page & Englert,* for respondent.

The fact that plaintiff had no ticket is immaterial. Albin v. Chicago, R. I. & P. R. Co. 103 Mo. App. 308, 77 S. W. 153; McCarty v. St. Louis & Suburban R. Co. 105 Mo. App. 596, 80 S. W. 7; Smith v. St. Paul City R. Co. 32 Minn. 1, 50 Am. Rep. 550, 18 N. W. 827; Ahern v. Minneapolis Street R. Co. 102 Minn. 435, 113 N. W. 1019; Grimes v. Pennsylvania Co. 36 Fed. 72; Baltimore & O. R. Co. v. State, 81 Md. 371, 32 Atl. 201; McFeat v. Philadelphia, W. & B. R. Co. 6 Penn. (Del.) 513, 69 Atl. 744; Webster v. Fitchburg R. Co. 161 Mass. 298, 24 L.R.A. 521, 37 N. E. 165; McDonough v. Metropolitan R. Co. 137 Mass. 210; North Chicago Street R. Co. v. Williams, 140 Ill. 275, 29 N. E. 672; Allender v. Chicago, R. I. & P. R. Co. 37 Iowa, 264; Phillips v. Southern R. Co. 124 N. C. 123, 45 L.R.A. 163, 32 S. E. 388; Texas & P. R. Co. v. Jones, — Tex. Civ. App. —, 39 S. W. 124; Galveston, H. & S. A. R. Co. v. Fink, 44 Tex. Civ. App. 544, 99 S. W. 204; Gordon v. West-End Street R. Co. 175 Mass. 181, 55 N. E. 990; Hall v. Terre Haute Electric Co. 38 Ind. App. 43, 76 N. E. 334.

One is a passenger, when in the act of getting on the car stopping for him. Gaffney v. St. Paul City R. Co. 81 Minn. 459, 84 N. W. 304; Citizens' Street R. Co. v. Merl, 26 Ind. App. 284, 59 N. E. 491; Gordon v. West End Street R. Co. 175 Mass. 181, 55 N. E. 990; Butler v. Glens Falls, S. H. & Ft. E. Street R. Co. 121 N. Y. 112, 24 N. E. 187.

Carrier of passengers must keep the approaches to its cars properly lighted for the safety of its passengers. Grimes v. Pennsylvania Co. 36 Fed. 72; Hiatt v. Des Moines, N. & W. R. Co. 96 Iowa, 169, 64 N. W. 766; Fordyce v. Merrill, 49 Ark. 277, 5 S. W. 329; Cross v. Lake Shore & M. S. R. Co. 69 Mich. 363, 13 Am. St. Rep. 399, 37 N. W. 361; 6 Cyc. Law & Proc. pp. 605–609; Chicago, R. I. & P.

R. Co. v. Stepp, 22 L.R.A.(N.S.) 350, 90 C. C. A. 431, 164 Fed. 785.

Whether plaintiff was exercising care, or defendant was negligent, were matters for the jury. Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 A. & E. Ann. Cas. 960; Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390; Chicago & J. Electric R. Co. v. Wanic, 230 Ill. 530, 15 L.R.A.(N.S.) 1167, 82 N. E. 821; Butler v. Glens Falls, S. H. & Ft. E. Street R. Co. 121 N. Y. 112, 24 N. E. 187.

MORGAN, Ch. J.    On the 3d day of December, 1906, the plaintiff was injured while attempting to board a street car belonging to the defendant company.    The complaint alleges that the injury was caused by the failure of the defendant to cause the approach to said street car to be properly lighted, and its failure to have guards or rails placed at such approach.    The defendant runs a street car line in Valley City, and runs its cars so as to make connections with all passenger trains of the "Soo" Railway Company at the depot of said railway company. At the depot or station the railway track is used by the street railway company.    Except as to this distance at the station, the street railway company maintains its own tracks.    The street railway company carries passengers to and from said depot, and the car remains at the depot until the arrival of the incoming passenger trains, and until the incoming passengers enter the street car.    The approach from the depot platform to the car is made on a plank 4 feet long and about 2 feet wide, resting on the depot platform and the steps of the car, about 18 inches from the ground.    The space between the depot platform and the car steps is about 30 inches.

At about 8 :00 o'clock on the evening of said 3d day of December, plaintiff was a passenger from the South, on said railway, and left the train at Valley City, and immediately proceeded towards the street car.    She had been a passenger on the street car at prior times, and knew where it stood.    She had stepped on the plank with one foot, and was about to take another step thereon when she fell to the gound and was injured.    Whether she slipped, or failed to step on the plank, does not clearly appear.

At this time other passengers were entering the car, and some were in the car waiting for it to start. It started in a few minutes thereafter. She was not directed to the car at that time by any one of the servants or employees of the street car company, and was actually escorted to the car by her son, who carried her baggage. No servants or employees of the company were at the car when she attempted to enter it. The lights had not been turned on in the car, but it was lighted to some extent by a lantern placed on the inside of the car.

She brought this action, and bases her right to recover upon the alleged negligence of the company in failing to provide lights at the place where the street car is entered, and for its failure to provide a proper railing or guard where the plank is placed. The defendant, in its answer, alleges that the relation of carrier and passenger did not exist between the plaintiff and the defendant at the time of the injury, and that if she was a passenger at that time her injury was caused through her own contributory negligence. The jury found a verdict in her favor for the sum of $200. The defendant has appealed from a judgment entered upon that verdict, and relies upon these two assignments for a reversal of the same.

The appellant's contention is that the relation of carrier and passenger is not created as a matter of law until the passenger enters some conveyance by virtue of a contract express or implied, and has been expressly or impliedly received as a passenger by the servants of the carrier. The plaintiff had not purchased a ticket for the trip, and there was no place at the station for the purchase of tickets, and the custom prevails to pay the fare to the conductor while on the car. There is no custom shown that the servants of the street railway company were to give any actual permission or consent before the passengers could rightfully enter the car. The doors of the car were not locked, and the car was lighted as before stated. From these facts it is to be determined whether the plaintiff was a passenger as a matter of law when the injury occurred.

It is beyond question that she stepped upon the plank intending to become a passenger, and that the car started on its trip in a very short time thereafter. When injured she was using one of the appliances provided by the company for entering the car. The contention that the plaintiff was not a passenger for the reason that she had not paid

fare or bought a ticket when injured cannot be upheld. The car was at the station to receive passengers, and that fact may be deemed an invitation for passengers to enter, under the circumstances of this case. There is no dispute in the evidence as to the circumstances under which she entered the car, and from such circumstances we think she became a passenger as a matter of law, and defendant owed her the duty to provide safe approaches to the car. The plank had been placed there for use by those desiring to enter, and, as a matter of law, this should be deemed an invitation for those wishing to enter as passengers to do so. The company, having impliedly invited passengers to enter the car without payment of fare, impliedly accepts those entering pursuant to such invitation for the purpose and with the intention of being carried as passengers. No formal acceptance is necessary, nor payment of fare previous to entering. The acts of the officers in permitting passengers to use the appliances for entering provided by the company, as in this case, just before the car started, without any warning not to do so, or any objection, should be presumed to be acquiesced in by the company where no rule of the company is violated. The following statement of the rule is well sustained by the authorities: "The relation of carrier and passenger commences when a person with the good-faith intention of taking passage and with the express or implied consent of the carrier, places himself in a situation to avail himself of the facilities for transportation which the carrier offers." 6 Cyc. Law & Proc. p. 536, and cases cited.

"The previous purchase of a ticket is not essential to the beginning of the relation of passenger and carrier, where it is not by the rules or known usage of the company made a condition precedent to the acceptance of the passenger. If there is an intent to pay fare, or to do whatever else is required to entitle the person to transportation, he becomes a passenger by implied acceptance, although his fare has not yet been paid or his ticket called for." 6 Cyc. Law & Proc. p. 537, and cases cited.

In Butler v. Glens Falls, S. H. & Ft. E. Street R. Co. 121 N. Y. 112, 24 N. E. 187, the court said: "It does not seem reasonable to assume, as a matter of law, that a person who, in an orderly way, attempts to enter a street car as a passenger, is to be regarded a trespasser until

a special contract has been made with the conductor based upon the payment of the required fare."

In Phillips v. Southern R. Co. 124 N. C. 123, 45 L.R.A. 163, 32 S. E. 388, the court said: The "party coming to the railroad station with the intention of taking . . . [its] next train becomes, in contemplation of law, a passenger on defendant's road, provided that his coming is within a reasonable time before the time for departure of said train. To constitute him such passenger it is not necessary that he should have purchased his ticket."

The question of defendant's negligence is not seriously denied. That question was submitted to the jury. Having found for the plaintiff under proper instructions, there is no legal ground or reason based upon the evidence for disturbing the verdict. The defendant, therefore, must be held to have violated a legal obligation devolving upon it as a carrier, to provide the approaches to the car with proper light for the safety of those about to enter it. See 6 Cyc. Law & Proc. p. 609, and cases cited.

Defendant insists that plaintiff was guilty of such contributory negligence as to bar her right to any recovery. Its claim is based on the alleged fact that the plaintiff entered the car without any invitation, and before the servants of the defendant gave permission to enter the car, and before the time when passengers could properly enter it; that she unnecessarily attempted to walk on the plank in the dark, knowing the danger. It is sufficient to say on this subject that the jury was correctly instructed on the law of contributory negligence, and found in plaintiff's favor. We think that this verdict finally settles the question as to the plaintiff's contributory negligence, under the evidence. There is no warrant for saying, as a matter of law, that there was contributory negligence fatal to a recovery.

There is a dispute as to whether there was a light at or near the plank. Plaintiff testifies that it was dark, and that she could just see the plank. Defendant testified that it was not dark, and that surrounding lights threw some light on the location. The jury has passed on the question of the contributory negligence of the plaintiff. The verdict is sustained, and no reason appears for disturbing it. That the questions of negligence and contributory negligence are for the jury, ordinarily, has frequently been held by this court, and in the

recent cases of Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390; Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 A. & E. Ann. Cas. 960.

It follows that the order appealed from should be affirmed, and it is so ordered. All concur.