WIGGINS, Respondent, v. PAY'S ART STORE et al., Appellants.

(199 N. W. 122.)

(File No. 5216. Opinion filed May 28, 1924.)

1. **Landlord and Tenant—Damages—Real Property—Lessor of Store Building Held Not Liable for Injury to Shopper.**

   The lessor of a store building, retaining no control over building or use, and extending no invitation to shoppers, held not liable for shopper's fall down stairway.

2. **Negligence—Contributory Negligence—Evidence—Failure to Look for Danger Not Contributory Negligence.**

   Failure to look for danger where there is no reason to apprehend any does not constitute contributory negligence.

3. **Negligence—Jury—Contributory Negligence—Contributory Negligence of Shopper Falling Down Stairway Held for Jury.**

    Contributory negligence of shopper falling down stairway located between two showcases, under the belief that aisle and not stairway existed, held for jury.

4. **Negligence—Jury—Trial—Negligence in Maintenance of Stairway Held for Jury.**

    Evidence as to manner in which stairway was maintained, with show cases surrounding it, and as to its lighting, held sufficient to go to jury on question of negligence of store owner, resulting in injury to shopper.

5. **Negligence—Contributory Negligence—Evidence—Evidence of Effect Produced by Eyeglasses Held Incompetent on Question of Contributory Negligence.**

    In shopper's action for injuries from falling down store stairway when she supposed she was entering aisle, evidence as to the effect produced by "Kryptok" lens glasses which she was wearing when going up and down stairs held incompetent on question of contributory negligence.

6. **Trial—Instructions—Negligence—Instruction on Negligence Held Not Erroneous for Failure to Mention Contributory Negligence.**

    Instruction as to negligence of defendant held not erroneous for failure to mention contributory negligence of plaintiff.

7. **Trial — Instructions — Single Instructions Need Not Cover All Propositions of Law Applicable.**

    It is not necessary that a single instruction given should cover every proposition of law applicable thereto.

8. **Landlord and Tenant — Instructions — Instruction to Consider Character of Building, Purpose, and Manner of Use, Held as to Lessee Not Erroneous.**

    In action against owner of store building and lessee for injury to shopper from falling down stairway, instruction to consider character of building, purpose of use, location of stairway, lighting, and manner in which the fixtures were arranged, held as to the lessee not erroneous.

9. **Trial—Instructions—Instruction as to Right to Consider Certain Matter Along with Other Evidence Held Not Comment on Evidence.**

    In shopper's action for injuries from falling down stairway, instruction, calling attention to duty of one of defendant's clerks, stating jury's right to consider same along with other testimony, held not erroneous as comment on evidence.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by Julia Wiggins against Pay's Art Store, a corporaton, and A. K. Pay. From judgment for plaintiff and orders denying new trial, defendants appeal. Orders overruling motion for new trial and judgment as to first named defendant affirmed, and reversed as to second named defendant.

*Boyce. Warren & Fairbank,* of Sioux Falls, for Appellants.

*Caldwell & Caldwell,* of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: 16 R. C. L. Sec. 588, p. 1067; Anderson v. Robison, 62 So. 512, Ann. Cas. 1915D 829; 47 L. R. A. (N. S.) 330; Walsh v. Schmidt, 92 N. E. 496, 34 L. R. A. (N. S.) 798; Burdick v. Cheadle, 20 Am. Rep. 767; Henson v. Beckwith, (R. I.) 37 Atl. 702, 38 L. R. A. 716; 16 R. C. L. Par. 594; Joseph Schlitz Brewing Co., 16 S. D. 33, 91 N. W. 336; Hunnewell v. Haskell, (Mass.) 55 N. E. 320; Dunn v. Kemp, (Wash.) 78 Pac. 782; Conby v. Woolworth & Co., 170 Fed. 938, 23 L. R. A. (N. S.) 743.

Respondent cited: Colorado Mortgage & Investment Co. v. Giacomini, 136 Pac. 1039. Junkerman v. Jankelson, 213 N. Y. 514, 22 A. S. R. 849; Waterhorse v. Brewing Co., 12 S. D. 397, 16 S. D. 592; Paterson v. Brewing Co., (S. D.) 91 N. W. 336, 16 S. D. 33; Clancy v. Byrne, 56 N. Y. 129; Tomle v. Hampton, (Ill.) 21 N. E. 800; Copley v. Balle, (Kan.) 60 Pac. 656; Smith v. State, (Md.) 48 Atl. 92, 51 L. R. A. 772; Albert v. State, (Md.) 7 Atl. 697, 59 Am. St. Rep. 159; Fox v. Buffalo Park, 47 N. Y. Sup. 788; May v. Ennis, (N. Y.) 79 N. Y. Sup. 896; Larson v. Calders Park Co., (Utah) 180 Pac. 599, 4 A. L. R. 731, 24 Cyc. 1125; City of Deadwood v. Hursh, 30 S. D. 450.

(2) and (3) To points two and three, Appellant cited: Woolworth & Co. v. Conby, 170 Fed. 934; Miller v. The Sioux Falls Traction System, 184 N. W. 232.

Respondent cited: Pelton v. Schmidt, (Mich.) 53 A. S. R. 462. Engle v. Smith, (Mich.) 21 A. S. R. 549; Hendrickson v. Meadows, 28 N. E. 1054 Montague v. Hanson, 99 Pac. 1064; Lehman v. Coffee Co., 131 N. W. 362; McRicard v. Flint, 114 N. Y. 222; Emmons v. Charlton Co., (Wash.) Gardner v. Separator Co., 11 N. W. 216; Bloomer v. Senellenburg, 21 L. R. A. (N. S.) 465; Brownson v. Sweester, 26 N. E. 555; Wesley v.

Jewett, 98 N. W. 114; Downing v. Bank, (Ia.) 184 N. W. 722; Collins v. City of Janesville, (Wis.) 87 N. W. 244; Crites v. City of Richmond, (Wis.) 73 N. W. 322; Bohn v. City of Racine, 96 N. W. 813; Carr v. M. & St. L. R. R. Co., (N. D.) 112 N. W. 972; Mares v. N. Pac. R. R. Co., (Dak.) 21 N. W. 5; McKeever v. Homestake Mining Co., 10 S. D. 599; Bohl v. City of Dell Rapids, 15 S. D. 619; Toney v. Interstate Power Co., (Ia.) 163 N. W. 394.

(7)   To point seven, Respondent cited: Blashfield's Instructions to Juries, Vol. 1, pp. 474, 486; First Nat'l. Bank v. Elevator Co., 91 N. W. 436; McConnell v. Phillip, 4 Dak 506; State v. Beenan, 2 S. D. 384, 50 N. W. 625; State v. Sonnedran, (S. D.) 159 N. W. 101; Duprel v. Collins, 33 S. D. 365; State v. Byrd, (Mont.) 111 Pac. 407.

DILLON, J.   This action is for damages alleged to be sustained by plaintiff in falling down a stairway. She states her allegation of negligence as follows:

"That at a point in the storeroom about 40 feet from the rear thereof, and midway between the north and south sides thereof, was on said date, an open stairway leading to the basement of said building; the entrance to the stairway being from the west. On said date there was no gate or other barricade across the entrance to the stairway. Directly in front of the entrance to the stairway was a display counter or table of about 3 feet in height, and approximately the same width as the entrance to said stairway. This table was approximately 20 feet long, and extended east and west. The east end of the table extended to within 5 feet of the entrance of said stairway. The stairway was enclosed on three sides with a display case, which served the purpose of a railing. This case was 3 feet 6 inches in height, and 15 inches thick, and had a glass front. Within the said case merchandise was displayed. On the top of the case on said date were displayed a great number of lamps with large shades. This display case with the lamps and other goods thereon and therein made it appear that there were two display cases with a passage between them where one could safely pass through; that on the day in question, when plaintiff was in said store, there was no light burning at or near the entrance to said stairway nor in it, nor in the basement near the foot of the stairway. The stair-

way was dark, and could not be readily or easily seen by a person approaching it. The plaintiff was a stranger in said store, and, as she was passing from the south side of said store to the north side thereof, at the invitation of an employee of said store, and while in the exercise of due diligence and care for her safety, and without knowing of the presence of said stairway, plaintiff stepped into said stairway and fell down the same to the floor of the basement, thereby breaking her collarbone and fracturing her skull. She alleges that it was the duty of the defendants to keep the premises above described in a safe condition; to keep it lighted and free from anything to obstruct the view of one approaching such stairway, and the failure of defendants so to do constituted the negligence complained of."

[1] The defendant Pay leased the store to his codefendant, Pay's Art Store. The landlord retained no control over any part of the building or any part of the counters or cases; neither was he obligated to make any repairs nor maintain lights in any part of the building thereon. The building and the stairway were constructed in the usual method. No claim is made that the landlord had been maintaining a nuisance, but the allegation is that the landlord was guilty of negligence in the want of reasonable and ordinary care in keeping such a building and renting the same as a place to which customers were invited. The landlord gave no invitation to shoppers. These invitations came only from the tenant. We fail to discover in the record anything growing out of the lease from the landlord to the tenant which could even remotely be fastened on the landlord as a liability. The respondent's right must necessarily grow out of her relation to the tenant alone.

The Wisconsin court, speaking of open stairways, says:

"We should be slow to say that an ordinary open stairway could be called a trap or snare even to an invitee of the tenant."

The motion of A. K. Pay at the close of the testimony for an instructed verdict should have been sustained, as the evidence was wholly insufficient to charge any negligence upon the landlord.

We now reach the question of negligence of Pay's Art Store, and the contributory negligence of plaintiff  Here is the plaintiff's version of the accident:

"I did not see the stairway before I fell down. I saw what I call a display counter. It looked like a display case, and the goods were displayed on it. I suppose I intended to walk up to it and look things over and walk right past. I thought the floor safe like it was any place else; thought I was perfectly safe. I did not see any opening or stairway. I was looking ahead of me. It looked to me just like a counter. It looked like a show counter around this opening. I did not see the opening in the floor, at all."

Howard Pay's version is as follows:

"I cannot tell just how far she was from the stairway when she began to move. I saw her standing a foot or two from the stairway looking at the lamps and facing the stairway. I didn't say anything to her about the stairway being there. She only took one or two steps; I didn't say anything. I observed that she was going down into the stairway."

[2] It is claimed by the respondent that, if this table had not been there, one coming in at the front entrance could have looked straight ahead into the opening of the stairway, provided there were sufficient lights. It is also claimed that the opening of the stairway was hidden from view until one reached very close to it, and this arrangement of tables disguised the place and made it appear safe. It is a rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any.

In Lehman v. Coffee, 146 Wis. 213, 131 N. W. 362, it is said:

"The evidence seems to be ample to show that approaching it from the front of the store there would be no sign or indication of a stairway, and that only as one came practically to the opening itself from the east was it possible to see it, or anything suggesting the existence of an opening in the floor. The jury might, we think, well say from the evidence that it was a trap or snare of whose existence under the circumstances the rules of ordinary care would require that an invited person be warned."

In Bloomer v. Snellenburg, 221 Pa. 25, 69 Atl. 1124, 21 L. R. A. (N. S.) 464, the court says:

"Customers are invited into a store, and to walk along the aisles where goods are displayed upon every hand for the * * * purpose of catching the eye and attracting the attention of those

who use the passageways. It is not reasonable to expect that the same degree of attention shall be bestowed upon the placing of the feet, under such circumstances, as would probably be required outside upon the public highway."

[3, 4] Plaintiff claims that defendant Pay's Art Store failed to properly light the store building at the stairway; that it was dark, so that the opening in the floor could not be easily seen. She is corroborated by Mr. and Mrs. Nortcn, and Mr. and Mrs. Fick, and Dr. Van de Mark. While this testimony was disputed by defendant's witnesses, yet, in view of the surroundings at the stairway, the evidence was sufficient to take the question to the jury. As to the negligence of defendant in maintaining the stairway in the condition it was kept at the time of the accident, any failure to maintain sufficient lights, under the findings of the jury, is conclusive as to negligence of the Pay's Art Store and the want of contributory negligence on the part of the plaintiff. Carr v. Minneapols, etc., R. Co., 16 N. D. 217, 112 N. W. 972; Messenger v. Railroad Co., 21 N. D. 82, 128 N. W. 1023, 32 L. R. A. (N. S) 881; Toney v.. Interstate Power Co., 180 Iowa 1362, 163 N. W. 394; Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Mares v. Northern Pacific R. Co., 3 Dak. 336, 21 N. W. 5; McKeever v. Homestake Mining Co., 10 S. D. 599, 74 N. W. 1053.

[5] Numerous assignments relate to the effect produced by a person wearing "Kryptok" lens glasses in going up and down stairways. Clearly these matters were not competent, because the plaintiff was not going up or down stairs. She did not intend going to the basement. Her intention was to go over to her sister. A great portion of the adult people wear these glasses. They are in common use, and are generally worn. We certainly would be slow in holding as a matter of law that one wearing this kind of glasses would be guilty of contributory negligence under the circumstances here presented. She did not see the stairway. It was the fall that produced the injury, and there was no issue raised in the pleadings relative to contributory negligence as to wearing glasses. We conclude that there were no errors committed by the court in these assignments.

[6, 7] Appellants complain of instruction No. 7, wherein the court instructed the jury that, if they should find that the de-

fendants had failed to perform their duty as defined in the instructions Nos. 1, 2, and 3, they would be liable. It is claimed that this instruction was erroneous, because it failed to mention contributory negligence on the part of the plaintiff. The court, however, did instruct the jury upon the issue of contributory negligence.

"It is a well-settled rule of law that a court is not required to cover every proposition of law in one instruction or under one head, but may consider every proposition separately, and the rule is further settled that each instruction need not be complete in itself, but that reference may be made in one instruction to other instructions given." Blashfield's Instruction to Juries, vol 1, p. 474.

The whole instruction must be taken together, and, when so considered, we do not see how the appellant Pay's Art Store was in any manner prejudiced by this instruction.

[8] Appellant complains of instruction No. 5, wherein the jury was instructed, viz:

"It would be your duty to take into consideration the character of this building, the purpose for which it was used, the location of the stairway, the manner in which the building was lighted, the manner in which the fixtures were arranged in the building, and the manner in which these buildings are ordinarily kept and conducted by cautious and prudent men in this vicinity."

This instruction cannot be sustained as to the defendant A. K. Pay because such defendant had no control over the showcases, the arrangement thereof nor of the lights, or clerks of the Pay Art Store. As to the Pay's Art Store, we fail to find any error. It was the duty of the court to separate the rights of these two defendants in giving the instruction.

[9] Appellant complains of instruction No. 9, because it called particular attention to the duty of one of defendant's clerks. This testimony was developed by the witness Howard Pay, and came out on the cross-examination. There was no objection to it or motion to strike it out. No error can be predicated on the admission of this testimony. The defendant was bound by this testimony, and the jury was told that it was their right to consider the testimony of the witness along with other testimony in the case. We think it was proper for the court to call attention

to this fact. Engvall v. Railroad Co., 145 Iowa 560, 121 N. W. 12; State v. Pock, 35 S. D. 393, 152 N. W. 507.

This instruction is not prejudicial, because the clerk was not a party to the suit, neither does the court announce any rule of law as to the duty of the clerk. This instruction was intended to be considered in connection with instruction No. 2, wherein the jury was instructed it was the duty of the defendant corporation to have and maintain the building and its contents in an ordinary safe condition, and with the usual ordinary care at all times to prevent injury to such persons. When instruction No. 2, as given by the court, is considered with other instructions, there is no ground for the contention that this instruction required the clerk to exercise more than ordinary care in his attitude to the palintiff.

We fail to find any prejudicial error in the instructions except as specified. We conclude that the court erred in failing to direct a verdict in favor of the defendant A. K. Pay, but that there was sufficient testimony to take the case to the jury as to the negligence of defendant Pay's Art Store, and as to the contributory negligence of the plaintiff.

The orders overruling the motion for a new trial and judgment as to the Pay's Art Store are affirmed, and are reversed as to defendant A. K. Pay. No costs will be taxed in this court.

Note.—Reported in 199 N. W. 122. See, Headnote (1), American Key-Numbered Digest, Landlord and tenant, Key-No. 167(2), 36 C. J. Sec. 948; (2) Negligence, Key-No. 70, 29 Cyc. 514; (3) Negligence, Key-No. 136(26), 29 Cyc. 628; (4) Negligence, Key-No. 136(22), 29 Cyc. 627; (5) Negligence, Key-No. 132(1), 29 Cyc. 619; (6) Trial, Key-No. 253(4), 38 Cyc. 1634; (7) Trial, Key-No. 226(1), 38 Cyc. 1598; (8) Landlord and tenant, Key-No. 169(10), 36 C. J. Sec. 977; (9) Trial, Key-No. 186, 38 Cyc. 1651.

On duty of store or shop keeper toward customer as to condition of premises, see notes in 21 L. R. A. (N. S.) 456, L. R. A. 1915F, 572.